294 So.2d 407 (1974)
William SCALDEFERRI, Appellant,
v.
The STATE of Florida, Appellee.
Phillip POMPEO, Appellant,
v.
The STATE of Florida, Appellee.
Peter RINALDI, Appellant,
v.
The STATE of Florida, Appellee.
Pasquale SOLE, Appellant,
v.
The STATE of Florida, Appellee.
Isaac WASHINGTON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 73-622, 73-621, 73-643, 73-644 and 73-805.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Rehearing Denied June 5, 1974.
*408 Milton E. Grusmark, Cohen & Hogan, Miami Beach, Melvyn Kessler, Cagney & Tifford, Miami, Harvey S. Swickle, Miami Beach, for appellants.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
The appellants are: Isaac Washington, Pasquale Sole, Peter Rinaldi, Phillip Pompeo and William Scaldeferri. They were tried together and each was convicted of (1) conspiracy to commit robbery and (2) conspiracy to commit grand larceny. In addition, Sole was found guilty of carrying a concealed weapon during the commission of a felony and Rinaldi was found guilty of carrying a concealed weapon. Each has appealed his judgment and sentence and the five appeals are the subject of this decision.
The evidence shows that two men from the Dade County Public Safety Department, acting in the capacity of undercover agents on Miami Beach, reported that a conspiracy to rob the safety deposit boxes of the Doral Beach Hotel was underway. On February 25, 1973, the two undercover agents met with defendants Washington, Sole, Pompeo, and Scaldeferri. One of the agents was equipped with a concealed device which transmitted the conversation to an outside receiver. The overheard conversation was taped by other officers conducting a concurrent surveillance. The meeting ended around 10:00 p.m., with an agreement to meet the following evening.
On February 26, 1973 (preceding the planned meeting), an information was filed by the State Attorney, naming defendant *409 Washington, and describing three "John Does," who were later determined to be defendants Sole, Pompeo and Scaldeferri. The trial judge determined that such information had been filed at approximately 4:10 p.m. Capias warrants were thereupon issued for the four defendants and accepted by a police sergeant.
That same evening, the two undercover agents kept their prearranged appointment at defendant Washington's motel room. Only defendants Washington, Sole and Rinaldi were present. The ensuing conversation was taped in the same manner as the previous evening, the defendants being unaware that the agents were policemen or that the conversation was taped. At approximately 11:00 p.m., the meeting ended and defendants Sole and Rinaldi exited the motel room. Washington was arrested immediately. Sole and Rinaldi were arrested after they had exited the motel room. Defendants Pompeo and Scaldeferri were arrested the following morning.
The appellants have filed a consolidated brief containing seven points. Not all of the points are applicable to all the appellants. With one exception, the points will be examined in the order presented by the appellants' brief.
The first point urges that the trial court erred in admitting into evidence testimony and tape recordings of conversations of the defendants with the undercover police officers which occurred subsequent to the filing of the information. This point is applicable to Washington, Sole, Pompeo, and Scaldeferri.
As to the appellant Washington, this point does not present reversible error because the alleged error would be, if error, harmless. There was clear and convincing evidence elicited from the police officers that Washington was planning a robbery of the safety deposit boxes. He was the instigator and he proceeded to set up the subsequent meetings which were facts whether or not the taped conversations were admitted into evidence. Cf. State v. Wadsworth, Fla. 1968, 210 So.2d 4; United States v. Hayles, 471 F.2d 788 (5th Cir.1973).
The appellants rely principally upon Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) for reversal upon the point presented. In that case, after an indictment had been returned charging Massiah and another man, the government concealed a radio transmitter in a place where the codefendants met. The codefendant who was cooperating with the government elicited incriminating statements from Massiah. This was done after Massiah was arrested, employed an attorney, was arraigned and pleaded not guilty. The Massiah opinion recognized the right of the government to continue its investigation after an indictment. It forbade the use of trickery to obtain incriminating statements after arrest and the retention of counsel. We hold that the holding in Massiah is not applicable to the recording of a meeting held before arrest where, as here, the meeting had already been arranged prior to the filing of an information.
Appellants' second point is applicable to all the defendants. It urges that the court committed reversible error in allowing the use at the trial of a transcript of the recordings. The transcript was offered but not admitted into evidence. It was not submitted to the jury but it was used by one of the officers as he made voice identifications upon the recordings. It is appellants' position that the court in actuality permitted the officer to read verbatim to the jury from the transcript which was not in evidence.
The question presented fundamentally is one of the application of the best evidence rule. The tapes were admitted as the best evidence. The transcript was what someone else said the tapes contained.
The single authority cited by appellants for their position is United States v. *410 Schanerman, 150 F.2d 941 (3rd Cir.1945). This case stands only for the rule that even though tapes are of poor quality, they may be admissible if audible in part but that a transcription from the tapes is not.
Our reading of the record does not support appellants' position. We think that the transcript was properly used under the court's close supervision and that no error has been shown. Sims v. State, Fla.App. 1966, 184 So.2d 217. See Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704 (1903).
Appellants' third point urges error upon the failure of the court to provide for a preliminary hearing after the information was filed. This point has been decided contrary to appellants' position. State ex rel. Hardy v. Blount, Fla. 1972, 261 So.2d 172. In addition, appellants' only claim of prejudice is that their applications for bail were rendered less effective.
The fourth point claims various errors in the admission of statements of one or more of the co-conspirators. The question presented in each case is whether the court erred in applying the "co-conspirator rule". See Honchell v. State, Fla. 1971, 257 So.2d 889, and authorities therein cited. The point is presented with subsections and attacks the admission of many portions of the testimony. It is not necessary to set forth the testimony sought to be excluded. We think that it is sufficient to state that we have examined the portion objected to in each instance and we find that no reversible error appears. The evidence was sufficient to find that each of the appellants was a co-conspirator.
The fifth point claims that the testifying officer made the voice identification from the transcript of the tape and not from the tape. The record does not support appellants' claim. As the tapes were played, as each person spoke initially, the tape was stopped so that the witness could identify the new voice.
We pass the sixth point for later discussion and turn to the seventh point. It claimed that no conspiracy was shown to have existed because the evidence failed to establish an agreement to commit the crime. It is urged that the planners had not completed their arrangements and therefore an agreement had not been reached. The position is not tenable upon this record. In State v. Smith, Fla. 1970, 240 So.2d 807, 810-811, the Supreme Court of Florida in discussing the sufficiency of an information charging that the defendant and others conspired to commit first degree murder, pointed out:
* * * * * *
"In charging a conspiracy to commit murder in the first degree, it is unnecessary to allege the manner or means by which the death of the victim is to be effected, for the crime of conspiracy may be committed prior to the time that the manner or means of effecting the death is determined by the conspirators. In other words, two or more persons could unlawfully combine, conspire, agree, or confederate with each other to commit murder in the first degree (thereby committing the crime of conspiracy) with the understanding that the means of accomplishing the unlawful homicide would be determined at a later date."
* * * * * *
This record contains clear evidence that the defendants agreed to commit the crime of robbery. State of mind is not subject to direct proof but may be inferred from all the circumstances proved. Edwards v. State, Fla.App. 1968, 213 So.2d 274.
We have reserved for final consideration appellants' sixth point because the State has confessed error in the sentencing. Appellants' point urges that the verdicts were improper because the defendants were found guilty of two facets of the same crime, to wit: (1) conspiracy to commit robbery and (2) conspiracy to commit grand larceny. The charge of the *411 court was correct in informing the jury that they might find the defendants guilty of the lesser included offense. See State v. Smith, supra, 240 So.2d 807, at 809. But as conceded by the State, where it is obvious that the two convictions are but separate facets of the same transactions, only one sentence should be imposed, and that for the highest offense charged and proved. Torres v. State, Fla.App. 1972, 262 So.2d 458; Davis v. State, Fla.App. 1973, 277 So.2d 300.
Accordingly, the judgments are affirmed, the sentence of each defendant for conspiracy to commit grand larceny is reversed and all other sentences are affirmed.
Affirmed.