297 So.2d 93 (1974)
Walter JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 73-318.
District Court of Appeal of Florida, Second District.
July 3, 1974.
*94 James A. Gardner, Public Defender, Sarasota, and Robert T. Benton, II, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Walter Jones, was seventeen (17) years of age at the time he is alleged to have committed a criminal offense, to wit: robbery. He pled guilty as charged and was sentenced by the circuit judge of Manatee County, to six (6) months to five (5) years imprisonment, with credit for time served in jail pending sentence. His participation in the crime charged was that of an aider and abettor. It appears from the record that appellant commenced to serve the sentence imposed. Thereafter, on several occasions, the trial judge vacated and/or changed the provisions of the sentence. Finally, the trial judge vacated the sentence and placed appellant on probation for five (5) years with the special condition that he be "... remanded to the custody of Sunland Training Center at Fort Myers, Florida, and or Sunland Training Center Officials."
This change in sanctions imposed by the trial judge appears to have been justified and in the best interest of appellant. The trial judge became apprised of the fact that this young man was classified as retarded; he had been involved in an automobile accident wherein he sustained severe, permanent brain damage.
Within a period of approximately three (3) months, appellant was discharged from Sunland when the officials of that institution determined that he was not a suitable person for that institution. For aught appears the record, appellant, while wandering around the City of Ft. Myers, was arrested on a charge of being a public drunk. He served his sentence of ten (10) days on this charge. He was subsequently returned to Manatee County in the custody of the law enforcement officers of that county for violation of the terms and conditions of probation. The violations charged consisted of his being outside Manatee County and use of intoxicants. He pled guilty as charged; was represented by court-appointed counsel at the hearing, and the trial judge imposed a prison sentence upon appellant of twenty (20) years in the state prison. The sentence is legal[1] and within the discretion of the court to impose. While the trial judge was made aware of appellant's emotional and mental infirmities, he found that appellant "... has been unable to adjust on the outside of prison and make any progress with probation, his record being replete with problems to himself and society... ."
Appellant then filed a motion for post-conviction relief as permissible under the provisions of Rule 3.850, CrPR, alleging *95 double jeopardy. This is the precise and only question for our consideration. Appellant strongly contends that because he had started to serve time in prison under the original sentence of five (5) years, the sentence of twenty (20) years imprisonment imposed by the trial court, upon revocation of probation, is unlawful and illegal in that he is being twice put in jeopardy for the same offense.
This timely appeal is from the order denying his motion, supra.
We are constrained to point out at the outset that appellant was not initially sentenced in compliance with the provisions of Rule 3.710, CrPR, 33 F.S.A. The record fails to disclose that the trial judge requested a presentence investigation report be obtained prior to imposition of sentence. The appellant was under eighteen (18) years of age and was a first felony offender.[2] In the light of the subsequent redirection of sentence to probation, as stated, the failure to follow the rule, supra, is regarded as harmless error. The order revoking probation (not appealed here) did not require a presentence investigation report, notwithstanding that one had not been obtained prior to the initial sentence.[3] We firmly believe that had a presentence report been made available to the trial judge, at the time appellant was sentenced originally, the judicial labor that followed might well have been avoided or greatly reduced. It might well have revealed that what this young man needed was medical care and treatment  not imprisonment.
The trial judge in a criminal case may modify the sentence imposed upon a defendant during the same term of court subject, of course, to the constitutional guarantee against double jeopardy. Troupe v. Rowe, Fla. 1973, 283 So.2d 857. A double jeopardy problem arises primarily in the situation where an imposed sentence is increased. Troupe, supra. We are not presented with that problem, for here the trial judge reduced the original jail sentence to probation, and the appellant has not questioned this first resentencing. Probation is imposed by the grace of the trial judge.
Appellant, however, does attack the imposition of the twenty (20)-year sentence upon the revocation of probation as violative of his constitutional right of being free of being placed twice in jeopardy for the same offense. He contends that his initial sentence of six (6) months to five (5) years imprisonment precludes this second sentence of twenty (20) years.
Appellant overlooks the significant fact that the vacation of the five (5)-year jail sentence and the imposition of probation in its place and stead had the effect of rendering the initial sentence a nullity. Only one sentence, that of five (5) years probation, was lawfully in effect when the appellant is alleged to have violated the terms of his probation. The appellant was sentenced within the permissible limits allowed by law.[4]
Due to the nature of this appeal we are limited to a consideration and determination of the question of double jeopardy and we affirm on the authority of Ruiter v. State, Fla.App.2nd, 1967, 205 So.2d 556. In doing so, therefore, we do not decide, nor do we need to decide, or reach, the merits of any matter, or matters, contained in the record which may be the proper subject of a subsequent motion under Rule 3.850, CrPR, for instance, the question of the propriety of appellant's plea of guilty at the probation revocation hearings, or the fact that one of the alleged violations of probation was that appellant was outside Manatee County when, by the terms of the probation order, he was remanded to Sunland Training Center in Lee County.
*96 Appellant having filed a motion to expedite this appeal, oral argument is dispensed with.[5]
Accordingly, the order of the trial court here appealed is
Affirmed.
HOBSON, A.C.J., and McNULTY, J., concur.
NOTES
[1] See Section 948.06(1), Florida Statutes, F.S.A.
[2] See Mitchum v. State, Fla.App.1st, 1974, 292 So.2d 620.
[3] Barber v. State, Fla. 1974, 293 So.2d 710.
[4] Section 948.06(1), Florida Statutes, F.S.A., authorizes upon revocation of probation the imposition of any sentence which might have been originally imposed.
[5] Rule 3.10(e), F.A.R., 32 F.S.A.