351 So.2d 387 (1977)
Vernon FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. FF-357.
District Court of Appeal of Florida, First District.
November 4, 1977.
*388 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Flowers appeals from the trial court's order denying his Rule 3.850 motion to set aside an illegal sentence. The issue is whether, as Flowers contends, he was sentenced on February 18, 1976, following the jury verdict, and so could not be sentenced to a greater term two days later.
On February 18, 1976 a jury found Flowers guilty of sending a written threat to kill or injure another  both a circuit judge and a social worker  in violation of Section 836.10, Florida Statutes (1975). The offense was unquestionably grave, but the trial judge noted Flowers' history of mental disorder and was deeply and properly concerned to fashion, if possible, a sentence other than simple punitive incarceration. The court stated:
Now, Mr. Flowers, you may very well need continued help for your memory loss and these other things you know you've got and I'm going to see if I can help you do it this way.
Saying nothing sufficient, it is the judgment and sentence of this Court that you, Vernon Flowers, be delivered to the proper official of the Division of Offender Rehabilitation, there to serve the full term and period of five years, provided that upon service of 250 days you shall be released and placed under the supervision of the Florida Probation and Parole Commission for a term and period of ten years. You shall receive credit for the two hundred and fifty days in jail awaiting trial. It will be a special condition of your release that you voluntarily accept such out-patient treatment for mental or physical problems as is directed for you by your probation supervisor.
Do you understand what I am saying?
DEFENDANT: Yes, sir, but I don't understand, now, the first part. I'm a little hard  you know. Now, five years and what?
THE COURT: It's my intention that you serve five years in the penitentiary if you mess up on your probation.
DEFENDANT: Well, you are going to put me on probation and if I mess up I'll get five years in prison? I understand.
THE COURT: That's what I'm doing. That's what those words come down to. There is a special condition, Mr. Flowers, on this, that you take and accept such medical treatment as your probation and parole officer tells you. Do you understand that?
DEFENDANT: Yes, sir.
THE COURT: Now, Mr. Flowers, I'm going to direct the Sheriff to keep you in custody until tomorrow, so that I can discuss it in some detail with the Florida Probation and Parole Commission prior to releasing you. Tomorrow, if all goes well, you will be released.
.....
(Thereupon, the Defendant was fingerprinted in open court and a written adjudication of guilt signed by the Court.)
The "written adjudication of guilt" does not appear of record on February 18.
*389 By the next day, February 19, Flowers had announced
... that he did not wish to be put under any probationary activity. He didn't want the state to be his father.
On February 20, with Flowers physically restrained on the courtroom floor by four deputy sheriffs, the court announced
The Defendant offering no cause, the court ... being of the opinion that there is no cause shown not to proceed, I, having adjudged Vernon Flowers guilty of the offense, commit you, Vernon Flowers, to the full term and period of fifteen years to the Department of Offender Rehabilitation of the State of Florida. I request and direct the proper officials of the Department of Health and Rehabilitative Services to take note of this case and of the need of this Defendant and to administer such treatment as is needed to him... .
Thereupon, the form of judgment and sentence authorized by Rule 3.986 was filed for record by the clerk. It made no reference to the proceedings of February 18 and it unequivocally imposed a straight fifteen year sentence. The document bore Flowers' fingerprints placed there February 18 and concluded:
DONE AND ORDERED in Open Court at Starke, Bradford County, Florida, this 18 day of Feb., A.D. 1976. 20th
I HEREBY CERTIFY that the above and foregoing fingerprints on this Judgment and Sentence are the fingerprints of the defendant, Vernon H. Flowers and that they were placed thereon by said defendant in my presence in Open Court this date.
 (signed) R.A. Green, Jr.
 -----------------
 CIRCUIT JUDGE
We find that the proceedings in open court on February 18 constituted a sentence, not a conditional proposal to sentence, and consequently that the February 20 proceedings must be considered a resentence for a longer term. Criminal Rule 3.700 provides in part:
(a) The term sentence means the pronouncement by the Court of the penalty imposed upon a defendant for the offense of which he has been adjudged guilty.
(b) Every sentence or other final disposition of the case shall be pronounced in open court. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts which do not maintain minutes.
Rule 3.721 provides:
The sentencing court shall ensure that a record of the entire sentencing proceeding is made and preserved in such a manner that it can be transcribed as needed.
It appears that every element of a "sentence" was supplied by the proceeding on February 18, as evidenced by the transcript. Sentence was pronounced on the defendant in open court. A record of the proceeding was made and preserved for transcription. The form of judgment and sentence authorized by Rule 3.986 was partially completed but was not filed. It evidently was retained by the sentencing judge for filing after Flowers' conversation with the probation officer concerning treatment which was the special condition of probation. Neither Rule 3.986 nor any other rule makes the completion and filing of the authorized form of judgment and sentence a condition to a valid sentence. The judgment of guilt must of course "be rendered in open Court and in writing, signed by the judge, filed, and recorded." Fla.R.Crim.P. 3.670. That requirement should not be read as suspending the effect of the sentence pronounced in open court until the paper is filed, or as authorizing the imposition of a greater sentence at any time before the paper is filed. Rule 3.986, which alone prescribes a written sentence, simply provides:
The following uniform Judgment and Sentence form is sufficient. Variation from this form does not void the judgment, *390 sentence, and fingerprints that are otherwise sufficient.
The attempted resentencing of Flowers to imprisonment for fifteen years, following his rejection or violation of the special term of probationary release from the five year sentence pronounced February 18, placed Flowers twice in jeopardy and was illegal. Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874); United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 364 (1931).
On February 20, after previously sentencing Flowers to confinement for five years and placing him immediately on probation, subject to a special condition, the sentencing judge was without power to do more than revoke Flowers' probation for his violation of the stated condition.
We are keenly aware that by this decision we belatedly have found merit in Flowers' argument which was presented, considered and rejected by us on his direct appeal. On October 11, 1976, we affirmed the judgment and the February 20, 1976 sentence without opinion. Flowers v. State, 338 So.2d 844 (Fla. 1st DCA 1976). Considerations of res judicata would ordinarily require us as well as the trial court to adhere to our decision. We consider that we are at liberty to revisit the critical issue, and to decide it differently, because of two unique circumstances in this case:
First, the trial court's resentencing error and our own were fundamental errors which deprived Flowers of a constitutional right not to be placed twice in jeopardy for the same offense. See O'Neal v. State, 308 So.2d 569 (Fla.2d DCA 1975). We decline to watch helplessly in the hope that our decision here may create decisional conflict that would authorize the Supreme Court to correct our former error, or in the hope that a federal court will do so.
And second, two months after our affirmance but apparently without knowledge of it, the sentencing judge entered an order granting Flowers' Rule 3.850 motion to vacate the February 20, 1976 sentence, and ordered:
... Counsel for Defendant and the State of Florida are directed to compose a certified question, the contents of which are suitable to the Defendant, State of Florida and this Court on the question of whether the Court may exceed five years in resentencing the Defendant in this cause. This matter should be expedited in the interest of justice.
The trial court was entirely correct in later concluding that his action was foreclosed by our affirmance and principles of res judicata. The record before us does not clearly indicate when and how, but the trial judge set aside his order vacating the February 20, 1976 sentence, thus reinstating the fifteen year sentence. We cannot overlook the significance of the sentencing judge's wish to reconsider the matter.
Because of these considerations, so unusual as not to usher in a crushing torrent of second appeals of cases already decided by this court, we are persuaded that we are at liberty to act.
The judgment is undisturbed. The sentence of February 20, 1976 is VACATED and the case is REMANDED to the trial court for consideration of revoking the probation ordered by the trial court on February 18, 1976, and imposing confinement for up to five years with credit for time served, or for such other proceedings as may be appropriate.
MILLS, Acting C.J., and MELVIN, J., concur.