357 So.2d 489 (1978)
Myles C. ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. HH-450.
District Court of Appeal of Florida, First District.
April 19, 1978.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., George R. Georgieff and Patti Englander, Asst. Attys. Gen., for appellee.
PER CURIAM.
This is an appeal from an allegedly illegal sentence imposed following conviction of resisting arrest without violence under Florida Statute § 843.02. The trial court initially sentenced appellant to serve nine months in the county jail, but failed to *490 allow credit for jail time served as required by § 921.161(1), Florida Statutes (1975). At that time, defendant was taken by the bailiff across the street to the county jail where he began serving his sentence. Subsequently, the public defender brought to the court's attention the fact that it neglected to give credit for 54 days of jail time served. The court then set aside its prior sentence and re-sentenced the defendant/appellant to serve ten months imprisonment with credit for 54 days jail time.
Under this Court's decision in Flowers v. State, 351 So.2d 387 (1st DCA 1977), the trial court had no authority to set aside its prior sentence and impose a new and different sentence increasing the time to be served.
Accordingly, the sentence of ten months with credit for time served is set aside and the cause remanded with directions to the trial court to impose a sentence of nine months with credit for 54 days jail time. The appellant need not be present for this purpose.
MILLS, Acting C.J., and ERVIN and BOOTH, JJ., concur.