365 So.2d 201 (1978)
Eddie Jerome WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-346.
District Court of Appeal of Florida, First District.
December 12, 1978.
*202 Michael J. Minerva, Public Defender and Judith J. Dougherty, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
Williams appeals the revocation of his probation, challenging the trial court's jurisdiction to revoke and its failure to make a finding that he had the ability to pay amounts required as a condition of his probation before revoking on that ground. He also appeals his sentence. We affirm in part and remand the case for further determinations.
We address the alleged sentencing error first. The record reveals that the trial court sentenced appellant to a term of one year and one day with 33 days jail time credit after being told by appellant's counsel that appellant had been in jail for 33 days since being arrested on the probation violation. After the announcement of this sentence, appellant's counsel stated that appellant had served 30 days at the time of his original sentence and would also be entitled to credit for that time. The court then modified the sentence to 15 months with credit for 63 days. Appellant argues here that the court's second sentence violates this court's decisions in Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977) and Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978). In Flowers, supra, the trial court resentenced the defendant to a straight prison term two days after sentencing him in open court to a split prison and probation term. This court, noting that every element of a "sentence" as defined by Florida Rule of Criminal Procedure 3.700 had been supplied by the earlier proceedings, reversed the trial court and reinstated appellant's original sentence. In Andrews, supra, the trial court sentenced the appellant to nine months in the county jail. He was then taken across the street to the county jail to begin serving his term. Subsequently appellant's counsel pointed out to the court that it had failed to credit jail time in its sentence. The court then set aside the prior sentence and resentenced the defendant to ten months imprisonment with credit for 54 days jail time. This court reversed, finding that the trial court had no authority to set aside a prior sentence and impose a new one after the first sentence had begun to be served.
Those cases are distinguishable from this one in that here the sentence had not begun to be served before it was modified by the trial court. Moreover, appellant's counsel failed to mention the previous time served when asked how long appellant had been in jail. We see nothing in Flowers or Andrews requiring a trial court to adhere to a sentence merely because it has been announced, where it is based on incomplete information and all of the elements of a sentence as defined by the Rule, i.e., the *203 completion and filing of the form of judgment and sentence, have not been satisfied. Appellant's sentence is therefore affirmed.
Appellant also contends that the court erred in revoking his probation for failing to pay restitution, court costs, and attorney's fees (payment of which was a condition of his probation) without making a finding that he had the ability to pay those amounts. Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). With this contention we agree. The case will therefore be remanded for a determination of appellant's financial capability, as delineated in Jones, supra.
Appellant's primary point, however, is his contention that his legal probationary period had expired at the time of the revocation and therefore the court was without jurisdiction to take further action in his case. After a thorough review of the very confusing series of dates and events suggested by appellant in support of his argument, we find it impossible to determine the jurisdictional point and remand for further supplementation of the record. It appears that appellant's two year probation began late in February, 1975. The exact date is disputed. It further appears that appellant executed a request for a one-year extension of his probation and waived a hearing on this request late in January, 1977, before the expiration of his term. The confusion occurs here. The record reveals that appellant's request for extension was not filed with the court until April, 1978. In the meantime, however, the trial court, on March 8, 1977, issued an order extending probation for one year, nunc pro tunc February 26, 1977. That order was not appealed and there is no indication in the record of what proceedings caused the trial court to issue the extension order or what proceedings caused the appellant to execute the extension request. In any event appellant's probation continued after the trial court's extension order, but he still apparently did not pay the required amounts. His probation officer filed an affidavit for violation of probation on this ground on February 27, 1978. Appellant filed a motion to dismiss the revocation action alleging that his probation had already expired. The motion was denied and appellant's probation was subsequently revoked and sentence was imposed.
Giving effect to the presumption in favor of the correctness of the trial court's action, we cannot on the record presented say with certainty that the trial court did or did not have jurisdiction at the time of the revocation here appealed. As mentioned above, there is no explanation in the record of what events took place to cause the trial court to issue its order of extension in March, 1977, and without this explanation we cannot decide the jurisdiction question. We therefore remand the case for further supplementation of the record and relinquish jurisdiction for this purpose, including, if necessary, a hearing. We also remand for a determination of appellant's ability to pay, as stated above.
The sentence is affirmed and the case is remanded for further proceedings in accordance with this opinion.
BOYER, Acting C.J., and BOOTH, J., concur.
MILLS, J., dissents.
MILLS, Judge, dissenting:
It is apparent from the record that the trial court lost jurisdiction over appellant before revoking his probation. Regardless of what proceedings took place to cause the trial court's extension order, the record reflects that the affidavit to revoke appellant's probation was not filed until 27 February 1978, which was one day after the extended probationary term expired even if the court's extension order of 8 March 1977 was effective.
There is no rule allowing this court to relinquish jurisdiction to the trial court to allow the State to have a hearing to build a record simply to support the trial court's action.
I would reverse the revocation of appellant's probation.