PER CURIAM.
Defendants, James Dean and Juan Es-traviz, were tried together and convicted of conspiracy to sell cocaine. In addition, Dean was convicted of possession of cocaine. In these consolidated appeals both Dean and Estraviz contend that the evidence was insufficient to support the conspiracy conviction. They basically argue that there is insufficient evidence of any agreement between them to sell the cocaine.
An agreement to commit a crime may be inferred from all the surrounding circumstances. Scaldeferri v. State, 294 So.2d 407 (Fla.3rd DCA 1974). After a review of the record, we find that there was sufficient circumstantial evidence from which the jury could have drawn a reasonable inference that an agreement existed. See United States v. Gomez, 529 F.2d 412 (5th Cir. 1976).
Defendant Dean also contends that the trial court committed reversible error by denying him closing argument.
In order to make the point of denial of the right to a closing argument available as error, the defendant must have tendered and been refused the right to have his counsel make a closing argument subsequent to a closing argument against him made for the prosecution. Hall v. State, 119 Fla. 38, 160 So. 511 (1935). In the case at bar the prosecution waived closing argument and as a result, defense counsel spoke last to the jury. There being no closing argument of the prosecution to rebut, we find no error.
We also considered the remaining points of defendant Estraviz and find no prejudicial error has been made to appear.
Finally, we concerned ourselves with the general sentence of two years imprisonment for both convictions (possession of cocaine and conspiracy to sell cocaine). Under the holding in Dorfman v. State, 351 So.2d 954 (Fla.1977), the imposition of a general sentence is improper. Accordingly, we hereby vacate the two-year general sentence and remand the cause to the trial court to impose separate sentences for each of the convictions.
Affirmed in all respects except for the general sentence.