. **UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alberto M. VERA, Defendant-Appellant.**

No. 79–5237.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 30, 1980.

Decided Feb. 21, 1980.

Rehearing Denied May 13, 1980.

Robert E. Fleming (court appointed CJA), Louisville, Ky., for defendant-appellant.

Albert Jones, U. S. Atty., C. Fred Partin, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and WISEMAN,* District Judge.

* Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

PER CURIAM.

Appellant appeals from the action of the District Court for the Western District of Kentucky in vacating an order entered under Rule 35 of the Federal Rules of Criminal Procedure which had changed his previous two five-year consecutive sentences on his convictions for conspiring to and importing a large amount of marijuana so as to make them concurrent. The effect of the vacation of the Rule 35 action was, of course, to reinstate the previous 10-year total sentence. The reasons for vacating the sentence entered on the Rule 35 motion are in dispute—the appellant claiming that an adverse probation officer report subsequently called to the attention of the court occasioned the change two days after the grant of his Rule 35 motion, and the government contending that the District Judge had a right to correct a sentence which he concluded within two days he had entered in error.

The appellant's case is founded upon the double jeopardy clause of the United States Constitution, U. S. Const. art. V. In *United States v. Adams*, 362 F.2d 210 (6th Cir. 1966), this court dealt with a resentencing problem (which we are unable to distinguish on any legal basis) and held:

When the defendant was removed to the federal penitentiary and started to serve his sentence, he was in jeopardy in the constitutional sense. *Cisson v. United States*, 37 F.2d 330 (C.A.4, 1930). Thereafter, it is clear to this court that the prohibition of the Fifth Amendment against double jeopardy prevented his being recalled for vacation of the legal sentence and the administration of a more severe one. *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); *Wilson v. Bell*, 137 F.2d 716 (C.A.6, 1943); *Duggins v. United States*, 240 F.2d 479 (C.A.6, 1957). See also *Rowley v. Welch*, 72 App. D.C. 351, 114 F.2d 499 (1940).

In *Lange* the United States Supreme Court said:

"It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

"The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." *Ex parte Lange*, supra at 173.

*United States v. Adams*, 362 F.2d at 211–12. *See also Ward v. United States*, 508 F.2d 664 (5th Cir. 1975).

The judgment of the District Court is vacated and the case is remanded to the District Court for further proceedings in accordance with this opinion.