BASKIN, Judge.
Defendant Oscar Williams appeals an order revoking and modifying his probation, challenging the length of the sentence imposed by the trial court. He contends the court exceeded legal sentencing limits when it imposed, for violations of probation, terms of imprisonment which were longer than the prison sentence originally imposed in a split sentence. We disagree and affirm on that issue. Defendant also claims the state failed to prove he had the ability to pay restitution and costs of probation supervision. The state has conceded error and we reverse on these points. Defendant contends, in addition, that the state failed to prove, other than by hearsay, that he had changed his address without obtaining the consent of his probation officer. We find no error on this ground.
The charges upon which defendant was originally convicted, following his plea of guilty, included uttering a forged instrument, grand larceny, and forgery. The court sentenced defendant Williams to serve five years in the state penitentiary, provided that after eleven months had been served, four years and one month would be stayed and withheld and the defendant placed on probation for a period of four years and one month. As a condition of his probation, defendant Williams was required to pay $181 restitution to the victim. A separate order placing defendant on probation during a portion of his sentence contained the language “[I]f you violate any of the conditions of your probation, you may be arrested and the Court may revoke your probation and require you to serve the balance of said sentence.” Defendant contends this language limited the court upon violation of probation to a term of imprisonment no greater than the unserved balance of the original five-year sentence.
At the time defendant was charged with violating his probation, he had served the eleven-month prison sentence and was serving the probationary portion of his split sentence. The affidavit charged that he had violated his probation by changing his residence without obtaining the consent of his probation supervisor, had failed to make certain monthly reports, had committed a robbery, had failed to pay remaining restitution of $22.60, and had failed to pay costs of supervision. Upon his conviction for violating his probation, defendant was sentenced: Count I-five years prison, Count II-five years prison concurrent with Count I, Count Ill-five years prison consecutive to Counts I and II, with credit for time already served. Defendant concedes the absence of error concerning the charges relating to robbery and failure to make reports.
Defendant Williams argues that State v. Jones, 327 So.2d 18 (Fla.1976), which permits a court to impose upon probation violation any sentence which might originally have been imposed, does not apply to a split sentence entered under Section 948.01(4), Florida Statutes (Supp.1974). He contends that once a prison sentence has been imposed and a portion stayed with defendant being placed on probation for the remainder of the sentence, upon revocation of probation a defendant ipay be required to serve no more than the remaining portion of the prison sentence. Under that argument, the trial judge would have been limited to imposing five years prison with credit for time served instead of the effective total of ten years with credit for time served he actually imposed. Defendant’s *602 position lacks merit. The question certified in State v. Jones, supra, presents the same issue addressed by defendant Williams. The Jones decision expressly resolves the issue contrary to defendant Williams’ contention. State v. Holmes, 360 So.2d 380 (Fla.1978); State v. Jones, supra.
Defendant also argues that the sentence he received contravenes the express provisions of the probation order and conflicts with his understanding of the plea agreement as it appears in the original probation order. This argument has been decided adversely to his position. State v. Segarra, 388 So.2d 1017 (Fla.1980). Defendant further argues that Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977) requires that he be afforded protection from double jeopardy denied him by the trial court’s sentences. We do not find Flowers to be applicable to the facts of this case. Flowers involved a second sentencing for the same offense; here we are concerned with a subsequent offense, that of probation violation, and double jeopardy does not apply. “The events which bring about a revocation open a new chapter in which the court ought to be able to mete out any punishment within the limit prescribed for the crime.” Johnson v. State, 378 So.2d 335, 336 (Fla. 2d DCA 1980), cited with approval in State v. Segarra, supra. We note that defendant’s resentencing was the result of his actions in violating his probation and we decline to restrain the court in its imposition of sentence while permitting defendant Williams to remain unfettered.
The state has conceded that the evidence was insufficient to prove defendant was able to pay restitution and costs of supervision. Accordingly, we remand the cause with directions that the trial court correct its order to delete these grounds as violations of defendant’s probation. Byrd v. State, 390 So.2d 145 (Fla. 3d DCA 1980); Peterson v. State, 384 So.2d 965 (Fla. 1st DCA 1980); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978).
Although the general sentence originally imposed was clearly in error, Carroll v. State, 361 So.2d 144 (Fla.1978); Estraviz v. State, 366 So.2d 803 (Fla. 3d DCA 1979), no challenge by appeal was brought. That defect has been waived; the separate sentences now under consideration appropriately pertain to individual charges.
For the foregoing reasons, we affirm in part the decision of the trial court, but reverse in part and remand the cause with directions to the trial court to correct its order by deleting the portions indicated.
Affirmed in part and reversed in part.