409 So.2d 71 (1982)
Jack Bernard FARBER, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-599.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Rehearing Denied February 22, 1982.
*72 Philip Carlton, Jr. and Thomas A. Wills, Miami, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and OWEN, WILLIAM C., Jr., (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
The Constitution does not require that sentencing be a game in which a wrong move by a judge means immunity for the prisoner." Bozza v. United States, 330 U.S. 160, 166-167, 67 S.Ct. 645, 649, 91 L.Ed. 818, 822 (1947).
We affirm the sentence under review upon a holding that (1) the trial court has jurisdiction to increase the penalty imposed upon the defendant at any time during and prior to the conclusion of the same sentencing hearing, and (2) any such increase offends neither Florida Rule of Criminal Procedure 3.800,[1] nor the double jeopardy provisions of the State or Federal Constitutions.
At Farber's sentencing hearing, the trial court first pronounced a sentence of six years incarceration followed by four years probation. Defense counsel then inquired, "Credit for time served, Your Honor?" and *73 the court responded, "Yes, he gets credit for time served." The State then advised the court that because the defendant had been in custody under the mentally disordered sex offender program for some two-and-a-half years, the credit for that time served would absorb a substantial portion of the incarceration and lead to the defendant's release within a brief period of time, "which is not what I thought the intent of this court was." The court, expressing a desire that Farber receive substantial treatment and incarceration before release, then announced that it was going to amend the sentence, and over defense counsel's objection, sentenced Farber to ten years in prison to be followed by five years probation.[2] Thereafter, the sentencing hearing was recessed.[3]
In our view, "the pronouncement by the court of the penalty imposed upon the defendant," that is, the sentence, see Fla.R. Crim.P. 3.700, does not occur until the pronouncement is final. The pronouncement is final, at the earliest, when the sentencing hearing comes to an end. At least until that moment arrives,[4] the trial court has jurisdiction to modify, vacate, correct, change, amend, alter or vary, increase or decrease, any earlier, in effect inchoate, pronouncement.
The application of this bright-line rule is not dependent on some reason to justify the change in sentence. It matters not whether the penalty earlier stated is a slip of the tongue or intentional. Whether the defendant, through counsel, has supplied incomplete information to the court leading to a more lenient sentence than would have been imposed, see Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978), or, as here, the trial judge was simply unaware of information which, once revealed, led him to change his mind, is irrelevant to the trial court's authority to change the sentence. So long as the change occurs at the same sentencing hearing, for whatever reason[5] or for none at all, it is valid. Since the sentence is not "imposed" until the sentencing hearing is concluded, the increase of sentence during the sentencing hearing is not an increase of an imposed sentence or a "resentencing," and neither double jeopardy, see Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Jones v. State, 297 So.2d 93 (Fla. 2d DCA 1974), nor Florida Rule of Criminal Procedure 3.800 is a bar to the increase.
While our holding is supported by Williams v. State, supra, in that the increased sentence there approved was imposed at the same sentencing hearing, we hesitate to rely, as the State would have us, on Williams v. State as controlling. First, to the extent that Williams may be read to limit the trial court's power to increase the sentence where the sentence pronounced is based on incomplete information, we would, as we have said, impose no such limitation. Second, to the extent that Williams gratuitously indicates that a sentence is not final *74 until the "completion and filing of the form of judgment and sentence," it is expressly inconsistent with Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977), see also Toombs v. State, 404 So.2d 766 (Fla. 3d DCA 1981); Ward v. United States, 508 F.2d 664 (5th Cir.1975), and inconsistent with every other case cited herein holding, at least implicitly, that the oral pronouncement of the penalty made at the sentencing hearing constitutes the sentence.
Instead, we find greater support for our holding in Troupe v. Rowe, supra. There the court held the withdrawal of a sentence violative of double jeopardy, because the record reflected that after the sentence was pronounced, "a recess was taken, during which other court proceedings were had, following which the hearing resumed." Of this the court said:
"There can be no doubt but what the court had made an express ruling and had sentenced the defendant. What later ensued was more in the nature of a `rehearing' rather than a `resumption' of a continued hearing. A final, conclusive judgment and sentence had been pronounced before such `resumption.' In this posture, a defendant cannot be recalled because of a different assistant state attorney wishing further to pursue his insistence upon an adjudication being made and thereupon to reopen the case... ." Troupe v. Rowe, 283 So.2d at 858 (emphasis supplied).
Presumably, had the sentencing hearing in Troupe been continuous and the same, as in the present case, or even a scheduled later continuation of the hearing, the result would have been otherwise.
Since the rule we announce is simply that any change of sentence can be made within the same sentencing proceeding, it leaves undisturbed those cases which, bottomed on the assumption that a sentence has already been imposed, hold that the sentence cannot be increased after the hearing at which it is pronounced has been clearly concluded, see Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980) (Rule 3.800 violated by increase of sentence on the day following conclusion of sentencing hearing); Buckbee v. State, 378 So.2d 39 (Fla. 3d DCA 1980) (court without jurisdiction to increase sentence five months after termination of initial sentencing hearing); Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978) (court "had no authority" to increase sentence after defendant taken across the street to county jail where he began serving sentence)[6]; Flowers v. State, supra (court "without power" to increase sentence two days after hearing at which original sentence pronounced, and such increase constitutes double jeopardy).
Our holding conforms with the realities of court proceedings. At the sentencing hearing, the parties are heard, air their reasons for the imposition of one penalty or another, and presumably and hopefully bring to the attention of the court any information which bears upon an appropriate sentence. It should make absolutely no difference in a defendant's sentence, as it would were we to adopt the position urged by Farber, that a court precipitously utters the penalty before, rather than after, hearing the State's full position; or that a court misstates the sentence only to be immediately corrected by one or another of the parties. While "no man with four aces howls for a new deal,"[7] another player *75 may. By our holding, any player, even the dealer, may call for a new deal before the pot is taken.
Affirmed.
NOTES
[1] Rule 3.800 allows a court at any time to correct an illegal sentence, or to reduce or modify to include any of the probation provisions of Chapter 948, Florida Statutes, a legal sentence within certain prescribed times. The rule does not authorize the increase of a legal sentence. Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980).
[2] No attack on the sentence has been made on the grounds that it constituted an illegal sentence under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981).
[3] The record reflects the hearing began at 12:28 p.m. and ended at 1:30 p.m. All of the foregoing transpired during the same uninterrupted hearing.
[4] We need not decide the academically interesting questions not presented by this case (1) whether the sentencing hearing is at an end when another case is called, the defendant remains in the courtroom, and the defendant's sentence is then revisited, but see Troupe v. Rowe, 283 So.2d 857 (Fla. 1973) (suggesting that if the sentencing hearing were continued, not reopened, increased sentence would be permissible); (2) whether the sentencing hearing is at an end when the court declares it over, the defendant leaves the courtroom and is immediately called back and his sentence increased, but see Williams v. United States, 422 F.2d 1318 (5th Cir.1970), and cases cited therein (increased sentence approved where imposed same day before defendant left courthouse).
[5] If, however, the change in sentence occurs because, for example, the court vindictively enhances the punishment initially meted out, or imposes additional punishment based on improper considerations, the sentence may, of course, be challenged on that ground, which is distinct and separate from the court's jurisdiction to impose it. Such a challenge has not been made here.
[6] It is not clear from Andrews whether the Public Defender's advice to the court that the defendant was entitled to credit for time served leading to the increase of sentence came during the same session of court or much later. But since Andrews actually began to serve the sentence imposed, that fact alone is an impediment to increasing the sentence. See United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874); United States v. Vera, 615 F.2d 1152 (6th Cir.1980); Ward v. United States, supra; United States v. Sacco, 367 F.2d 368 (2d Cir.1966). Compare United States v. Hilburn, 625 F.2d 1177 (5th Cir.1980) (where sentence of fine and imprisonment changed to one of imprisonment only, intervening tender of fine, not accepted by clerk, does not constitute execution of sentence).
[7] P. Dickson, The Official Rules, 156 (1978) (attributed to J.F. Parker, If Elected, I Promise).