PER CURIAM.
The final judgment of conviction for the crime of attempted manslaughter is affirmed upon a holding that: (a) there is a cognizable crime of attempted manslaughter under Florida law, at least under circumstances where, as here, the facts will support a reasonable inference that the manslaughter attempted would have been a voluntary manslaughter at common law, Taylor v. State, 444 So.2d 931 (Fla.1983); Rodriguez v. State, 443 So.2d 286 (Fla. 3d DCA 1983), and (b) no fundamental error has been shown as to the trial court’s jury instructions on attempted manslaughter, Ray v. State, 403 So.2d 956 (Fla.1981).
The five-year sentence imposed for the crime of attempted manslaughter is also affirmed. The order entered one day subsequent thereto, however, which purports to retain jurisdiction in the trial court for one-half of the above sentence so as to permit the trial judge to review any decision to parole the defendant pursuant to Section 947.16(3), Florida Statutes (1981) is reversed, as said order aggravates the defendant’s previously imposed sentence in violation of the defendant’s constitutional right against double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Rizzo v. State, 430 So.2d 488 (Fla. 1st DCA 1983); Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982); Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
Affirmed in part; reversed in part.