WENTWORTH, Judge.
Appellant was charged with one count of burglary of a dwelling, and one count of sexual battery. After a jury trial, he was found guilty as charged. On May 17,1983, he was sentenced to 30 years for the burglary and 15 years for the sexual battery. On May 19, 1983, appellant’s sentence was amended to 45 years for the burglary.
Initially, the public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying that counsel was unable to make a good faith argument that reversible error had occurred. With this court’s permission appellant filed a pro se brief. We reviewed the record and found no error with regard to the issues raised by appellant. However, we entered an order directing the parties to file briefs addressing the issue of whether a sentencing error had occurred.
The public defender then filed a supplemental brief arguing that the amended sentence was an improper increase in punishment effected after appellant had begun serving his initial sentence. See Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977). The state conceded the illegality of the amended sentence, but argued that the original sentences were proper and should be reinstated. We agree that the order purporting to vacate and amend the sentences was ineffective, and that the sentences originally imposed are proper and effective.
The transcript of the later sentencing hearing reveals that the trial judge was under the erroneous impression that he was not permitted to sentence appellant for both the burglary and the sexual battery. Since the original consecutive sentences were proper, the original sentencing order is affirmed and the amended sentence is stricken. See Green v. State, 415 So.2d 143 (Fla. 1st DCA 1982). In all other respects, the convictions are affirmed.
MILLS, J., and McCORD, Jr. (Ret.), Associate Judge, concur.