462 So.2d 1154 (1984)
STATE of Florida, Appellant,
v.
Anthony Gerald VIAMARI, Appellee.
No. 84-550.
District Court of Appeal of Florida, Second District.
November 7, 1984.
As Clarified on Denial of Rehearing February 1, 1985.
*1155 Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellee.
OTT, Judge.
The state made an error in preparing a sentencing guidelines scoresheet which resulted in appellee's presumptive sentence being lower than it should have been. The error was discovered after appellee had tendered an open nolo contendere plea and the scoresheet had been accepted by the trial court, but prior to sentencing. The court refused to accept the correct scoresheet presented at the sentencing hearing.[1] Sentence was imposed *1156 within the lower presumptive range. We reverse.
We believe the holding in Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982), is applicable to the instant case. In Farber, the trial court orally announced a sentence of six years' incarceration followed by four years' probation. Following the oral pronouncement, the state advised the court that the defendant was entitled to some two and a half years' credit for time served in a sex offender program. The court then announced a change in the sentence to ten years' incarceration followed by five years' probation.
The third district upheld the second sentence, noting that pronouncement of a sentence is not final until, at the earliest, the sentencing hearing is concluded. Until that moment, the trial court "has jurisdiction to modify, vacate, correct, change, amend, alter or vary, increase or decrease, any earlier, in effect inchoate, pronouncement." Id. at 73.
The same rationale applies to the case before us. Appellee's plea was not negotiated. Sentence had not been imposed. The trial court had the authority to receive and consider any new information bearing on the sentence, including the corrected scoresheet. This would be the case whether the error was a mathematical miscomputation, misinterpretation of a provision in the guidelines, or the omission of information from the scoresheet. If the first scoresheet had been erroneously high, no doubt the court would have accepted a second scoresheet reflecting a corrected, lower presumptive sentence.
Under the circumstances, the state concedes that appellee should be given the opportunity to withdraw his plea.
REVERSED and REMANDED for further proceedings.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Defendant pled nolo contendere to several category 6 crimes. The initial scoresheet was prepared in reliance on a portion of the comment to rule 3.701(d)(5), Florida Rules of Criminal Procedure. The comment, appearing in the Sentencing Guidelines Manual prepared by the Sentencing Guidelines Commission, suggested that the scoring of prior convictions for similar offenses be limited to felonies. The comment was amended after preparation of the first scoresheet to delete this limitation. Said amendment was effective immediately. See R. Wesley, Director, Sentencing Guidelines Commission, Memorandum on Sentencing Guidelines Modification, Feb. 9, 1984. Neither the rule itself nor the committee notes thereto had limited scoring of similar offenses to prior similar felonies. It is logical to conclude that the comment in question was amended because it had misinterpreted the rule.

Because the supreme court does not adopt or approve the comments, we feel that said comments are merely "helpful hints" to attorneys and are not binding. As such, any argument that the amended comment was unconstitutionally applied retroactively is without merit.