782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Respondent-Appellee,
v.
EMMA DUHON, Petitioner-Appellant.
 84-1067
 United States Court of Appeals, Sixth Circuit.
 12/4/85
 ORDER
 
 1
 BEFORE: ENGEL and KEITH, Circuit Judges; and UNTHANK, District Judge.*
 
 
 2
 Petitioner appeals the district court's denial of her habeas corpus petition brought under 28 U.S.C. Sec. 2255. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner was convicted of two counts of mail fraud and aiding and abetting, one count of wire fraud and one count of conspiracy to commit mail fraud. On November 12, 1982, she was sentenced on count one to one year with no parole under 18 U.S.C. Sec. 4205(f), on counts two and three to one year with no parole under section 4205(f), to be served concurrently with each other but consecutively to count one, and on count four to a suspended sentence and a five year probationary period. On December 15, 1982, the court on its own motion changed the sentence in count one to one year under section 4205(f), with release after service of ten months, and in counts two and three, to one year each under section 4205(f), with release after service of ten months. The sentences in counts two and three remained concurrent with each other and consecutive to count one. On September 26, 1983, petitioner filed a 28 U.S.C. Sec. 2255 habeas corpus petition raising a number of issues, including that the amended sentence violated double jeopardy. The district court denied the petition. On appeal, petitioner argues that the district court lacked authority to amend the sentence and the amendment violated double jeopardy.
 
 
 4
 The district court held that it had the power to reduce the sentence under Federal Rules of Criminal Procedure 35 and there was no double jeopardy violation because the sentence was reduced rather than increased. Rule 35(a) of the Federal Rules of Criminal Procedure provides that the sentencing court may reduce a sentence within 120 days after it is imposed. See United States v. Blanton, 739 F.2d 209 (6th Cir. 1984). Reduction of the sentence is within the sound discretion of the sentencing court. United States v. Warren, 610 F.2d 680 (9th Cir. 1980). The district court reduced the sentence in counts one, two and three, from one year with no parole to one year with release as if on parole after ten months. The district court had jurisdiction under Federal Rule of Criminal Procedure 35(b) to reduce the sentence since the reduction was well within the 120 day limitation provided in that Rule. See United States v. Blanton, supra. Although increase of a valid sentence violates double jeopardy, Ex parte Lange, 85 U.S. (18 Wall.) 163 (1874); United States v. Vera, 615 F.2d 1152 (6th Cir. 1980); United States v. Adams, 362 F.2d 210 (6th Cir. 1966), reduction of a sentence does not. United States v. Talavera, 668 F.2d 625 (1st Cir.), cert. denied, 456 U.S. 978 (1982); United States v. Wickham, 618 F.2d 1307 (9th Cir. 1979). It was within the district court's discretion to reduce petitioner's sentence within the Rule 35(b) time limitations, and such reduction did not violate double jeopardy.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable G. Wix Unthank, U.S. District Judge for the Eastern District of Kentucky, sitting by designation