538 So.2d 123 (1989)
Marcus MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1225.
District Court of Appeal of Florida, First District.
February 9, 1989.
*124 Maria Ines Suber, Assistant Public Defender, Tallahassee, for appellant.
A.E. Pooser, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Moore appeals a 48-month sentence imposed pursuant to his plea of guilty to a charge of violation of probation. He assigns as error the trial court's action in orally increasing the sentence originally pronounced. We affirm.
At the sentencing hearing the judge initially announced that Moore would be sentenced to 24 months incarceration. After being advised that Moore was entitled to credit for 241 days previously served in jail, the judge increased the sentence to 48 months. This was not error. A trial judge can change or correct a sentence if the change or correction is made at the sentencing hearing, before the sentence is carried out or the defendant is incarcerated. State v. Viamari, 462 So.2d 1154 (Fla. 2d DCA 1985); Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982); Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978). The Farber court, citing Williams, stated:
In our view, "the pronouncement by the court of the penalty imposed upon the defendant," that is, the sentence, see Fla.R.Crim.P. 3.700, does not occur until the pronouncement is final. The pronouncement is final, at the earliest, when the sentencing hearing comes to an end. At least until that moment arrives, the trial court has jurisdiction to modify, vacate, correct, change, amend, alter or vary, increase or decrease, any earlier, in effect inchoate, pronouncement.
The application of this bright-line rule is not dependent on some reason to justify the change in sentence. It matters not whether the penalty earlier stated is a slip of the tongue or intentional. Whether the defendant, through counsel, has supplied incomplete information to the court leading to a more lenient sentence than would have been imposed, see Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978), or, as here, the trial judge was simply unaware of information which, once revealed, led him to change his mind, is irrelevant to the trial court's authority to change the sentence. So long as the change occurs at the same sentencing hearing, for whatever reason or for none at all, it is valid....
409 So.2d at 73. (Footnotes omitted.)
Moore contends that the increased sentence is violative of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and the double jeopardy prohibition. Both the Farber and Williams courts have ruled against this contention, the Farber court saying:

*125 Since the sentence is not "imposed" until the sentencing hearing is concluded, the increase of sentence during the sentencing hearing is not an increase of an imposed sentence or a "resentencing," and neither double jeopardy, see Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Jones v. State, 297 So.2d 93 (Fla. 2d DCA 1974), nor Florida Rule of Criminal Procedure 3.800 is a bar to the increase.
409 So.2d at 73.
Moore also contends that the trial court erred in imposing a guidelines departure sentence without giving a contemporaneous written reason justifying departure. The trial judge stated on the record at the sentencing hearing that Moore's status as a probation violator would justify a departure from the guidelines. The presentence investigation report also noted that the court would not be bound to follow the guidelines inasmuch as the defendant was guilty of a second violation of probation. The sentencing guidelines scoresheet bears a notation that this was a second violation of probation and that "guidelines do not apply." The reason for deviating from the guidelines was reduced to writing and filed within ten days of the sentencing hearing. Even if this were found to not be contemporaneous, the fact would remain that Moore was fully advised of the reason for departure and was not deprived of his right to object to the reason given. The error, if any, was therefore harmless. Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988).
The sentence imposed is AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.