773 So.2d 113 (2000)
James WILSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D00-53, 4D00-97, 4D00-103 and 4D00-104.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
At appellant's sentencing hearing the state advised the court that the minimum guidelines sentence would be just under twenty years, and after some further discussion, in which the court declined to treat appellant as a youthful offender, the court stated that it would sentence appellant to fifteen years in the state penitentiary. The state then advised the court that this was below the guidelines, and the court then corrected its "mistake" and sentenced appellant to twenty years. Appellant argued that the court could not increase an already imposed sentence, to no avail, and raises the same argument on appeal.
Appellant relies on Causey v. State, 623 So.2d 617 (Fla. 4th DCA 1993); however, in that case the defendant's sentence was increased three days after the conclusion of the sentencing hearing. The present case is similar to Farber v. State, 409 So.2d 71, 73 (Fla. 3d DCA 1982), in which Judge Pearson wrote:
In our view, "the pronouncement by the court of the penalty imposed upon the defendant," that is, the sentence, see Fla.R.Crim.P. 3.700, does not occur until the pronouncement is final. The pronouncement is final, at the earliest, when the sentencing hearing comes to an end. At least until that moment arrives, the trial court has jurisdiction to modify, vacate, correct, change, amend, alter or vary, increase or decrease, any *114 earlier, in effect inchoate, pronouncement.
The application of this bright-line rule is not dependent on some reason to justify the change in sentence. It matters not whether the penalty earlier stated is a slip of the tongue or intentional. Whether the defendant, through counsel, has supplied incomplete information to the court leading to a more lenient sentence than would have been imposed, see Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978), or, as here, the trial judge was simply unaware of information which, once revealed, led him to change his mind, is irrelevant to the trial court's authority to change the sentence. So long as the change occurs at the same sentencing hearing, for whatever reason or for none at all, it is valid. Since the sentence is not "imposed" until the sentencing hearing is concluded, the increase of sentence during the sentencing hearing is not an increase of an imposed sentence or a "resentencing," and neither double jeopardy, see Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Jones v. State, 297 So.2d 93 (Fla. 2d DCA 1974), nor Florida Rule of Criminal Procedure 3.800 is a bar to the increase. (Citations omitted).
We agree entirely with Farber and affirm.
FARMER and TAYLOR, JJ., concur.