PER CURIAM.
We review the appeal of William Hickman pursuant to State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). See Hickman v. State, 581 So.2d 942 (Fla. 2d DCA1991). Hickman entered pleas of guilty to six separate charges of armed robbery. His life sentence is consistent with the sentencing guidelines recommendation. The record reveals a number of motions seeking postconviction relief; with the exception of this belated grant of appellate review none were successful.
Hickman’s brief raises four issues. All are without merit.[1] We address only the claim that his sentence was imposed in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Hickman has alleged that the trial judge originally sentenced him to forty years, but then increased the sentence after the state argued that the sentence was too lenient.
The record fails to support this assertion. At the time of Hickman’s plea, trial counsel informed the court that “[ujnder the guidelines, this gentleman will come up under the life category ... and I’ve explained basically to him what life under the guidelines means.” Hickman acknowledged that counsel had done so. However, counsel also indicated that the arresting officers felt Hickman had been cooperative during the investigation of the cases and would recommend a sentence less than life.[2] After inquiry into the extent of Hickman’s prior record the court imposed a life sentence.[3]
There is no indication that the court ever intended to sentence Hickman to only forty years. Within Hickman’s pleadings is a claim that his transcripts have been fraudulently altered “so that the petitioner could not use the issue of double jeopardy.” Such a claim is without merit and deserves no further comment. Moreover, even if *437 Hickman’s recollection of events were correct, there would be no constitutional infirmity. As a general rule a sentence does not become “final” until the formal sentencing hearing ends. Farber v. State, 409 So.2d 71 (Fla. 3d DCA1982). Furthermore, “[t]here exists an obligation to correct a sentence to comply with applicable statutory provisions, even if the service of the original sentence has already begun and the sentence as corrected would be more onerous.” Van Buren v. State, 500 So.2d 732, 734 (Fla. 2d DCA1987). And see Goene v. State, 577 So.2d 1306 (Fla.1991); Prestridge v. State, 519 So.2d 1147 (Fla. 3d DCA1988).
Affirmed.
LEHAN, C.J., and CAMPBELL and ALTENBERND, JJ., concur.

. In fact one issue is a claim of ineffective assistance of counsel based on the failure to file a notice of appeal. As noted in the state’s brief, by virtue of the instant proceeding Hickman has already received all the relief to which this claim entitles him. We note in passing a prior instance wherein Hickman appealed despite a ruling favorable to him. Hickman v. State, 569 So.2d 805 (Fla. 2d DCA1990).

. Any comments by these officers clearly were regarded by all parties as advisory rather than binding. Contrast Bullard v. State, 477 So.2d 655 (Fla. 2d DCA1985), wherein the defendant alleged she had relied upon promises of leniency by police officers. One detective did testify at Hickman’s sentencing, although the trial court appears to have been unimpressed by what was said.

.More accurately, the court imposed a total sentence of life plus fifteen years, but later reduced the total by making each sentence concurrent rather than consecutive.
The inquiry was prompted by a guideline scoresheet that recommended a maximum sentence of 27 years rather than life. Defense counsel agreed this scoresheet was calculated incorrectly.