FARMER, Judge.
The jury found defendant guilty of possession of cocaine, possession of cannabis, and resisting arrest without violence. We affirm *912 the conviction in all respects. That leaves only the issue of the sentence.
Defendant argues on appeal that the written sentence of 60 months does not conform to the oral pronouncement of sentence. The written sentence does show “60” months in two separate places in the handwriting. There is nothing in writing indicating a departure sentence. Our review of the transcript does indeed find that the court reporter has indicated an oral pronouncement of “16” months, and in fact the state concedes the issue on appeal. Ordinarily, that would be the end of the matter and we would reverse for correction of the sentencing document.
The record in this case is more edifying, however. It shows that defendant has a significant prior record of convictions, including multiple counts of sexual battery on a child, and single counts of burglary, battery on a law enforcement officer, grand theft, and resisting arrest with violence. His guidelines seoresheet shows total sentence points of 108.2, with a sentence computation of 80.2 months. The discretionary range is 60.15 to 100.25 months. In other words, the minimum guidelines sentence was 60 months. The sentencing transcript reveals that the trial judge recognized this when he said “It looks like the minimum the court can sentence under the guidelines ... is up to 60.15 [months].” There is absolutely nothing in the judge’s comments suggesting that he would consider a departure sentence below the guidelines range.
Obviously the spoken words “sixteen” and “sixty” are homophonie. We take judicial notice of the fact that these words are often misunderstood by listeners even under ideal acoustic conditions. The record and context of the sentencing dialogue call into question the accuracy of the court reporter’s account of what the judge actually said at sentencing. In spite of the state’s concession, we have considerable doubt that the transcript of the oral pronouncement of sentence speaks the truth.
We therefore remand this cause to the trial judge to settle — and, if necessary, to correct — the record as to the actual oral sentencing pronouncement.
CONVICTION AFFIRMED; REMANDED TO SETTLE RECORD OF PRONOUNCEMENT OF SENTENCE.
STEVENSON and SHAHOOD, JJ., concur.