818 So.2d 685 (2002)
Bruce CUNNINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4606.
District Court of Appeal of Florida, Second District.
June 14, 2002.
James Marion Moorman, Public Defender, and James T. Miller, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Bruce Cunningham challenges his judgment and sentence for a lewd and lascivious act in the presence of a child under the age of sixteen years. We affirm on all issues except as to a discrepancy between the trial court's written sentencing order and its oral pronouncement of sentence. Concerning that issue, we reverse and remand for the trial court to resolve the discrepancy.
At the sentencing hearing, the State requested that Cunningham be sentenced to thirty years in prison as a habitual felony offender and that he be designated a sexual predator. Apart from claiming innocence, Cunningham did not ask for a lesser sentence. Just before announcing the sentence, the trial court commented regarding Cunningham's conduct during the preceding eighteen years. The transcript then reflects the trial court's oral pronouncement of a sentence of eighteen years' imprisonment. The written sentencing order was entered on the date of the sentencing hearing and reflects a sentence of thirty years' imprisonment.
Cunningham claims that because a discrepancy exists between the written order and the oral pronouncement of sentence, he must be resentenced in accordance with the oral pronouncement. The State suggests that the written order is correct and that the discrepancy is due to a clerical error by the court reporter. It points to the trial court's reference to Cunningham's eighteen years of conduct as the source of the stenographic error.
*686 A trial court's written order of judgment and sentence must not vary from its oral pronouncement. Yates v. State, 429 So.2d 815, 815 (Fla. 2d DCA 1983). Generally, when the trial court's written order is inconsistent with its oral pronouncement, the oral pronouncement prevails. Adams v. State, 619 So.2d 34, 35 (Fla. 2d DCA 1993); Harmon v. State, 599 So.2d 754, 756 (Fla. 4th DCA 1992). However, when the State does not concede that the written order is in error, remand is appropriate for the trial court to make a factual determination to resolve the conflict between the written order and the oral pronouncement. Enchautegui v. State, 749 So.2d 550, 551 (Fla. 2d DCA 2000); Manual v. State, 547 So.2d 726, 726 (Fla. 2d DCA 1989).
We conclude that remand is appropriate in order that the trial court may resolve the discrepancy. Accordingly, we reverse the sentence and remand with directions for the trial court to resolve the conflict between the written sentencing order and the oral pronouncement.
Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and COVINGTON, JJ., concur.