SALCINES, Judge.
Bruce Cunningham appeals the denial of his motion to correct a sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion Cunningham raised two issues: (1) the trial court failed to follow this court’s mandate on remand from the direct appeal of his sentence, and (2) the trial court failed to follow proper formalities when it imposed the habitual offender sentence. We reverse and remand for further proceedings.
*628 In Cunningham v. State, 818 So.2d 685 (Fla. 2d DCA 2002), this court directed the trial court to conduct a hearing and to make a factual determination to resolve the conflict between the written sentencing order imposing thirty years’ imprisonment and the transcribed oral pronouncement imposing eighteen years’ imprisonment. On remand, the trial court did conduct a hearing. However, Cunningham, his trial counsel who attended the original sentencing, and the court reporter who had transcribed the original sentencing hearing were not present. The prosecutor was present, and the trial judge speculated that he had pronounced a thirty-year sentence and “[sjomehow that got morphed [in] the written record by the Court Reporter, as an 18-year sentence.... ” The prosecutor agreed that there was never a discussion about an eighteen-year sentence, and the matter was concluded. The trial court issued a written order stating that the original judgment and sentence were to stand as originally filed. The thirty-year sentence was reaffirmed.
The State has conceded and we agree that the trial court did not follow this court’s mandate at the hearing on remand. Once again this matter must be remanded to the trial court to conduct an evidentiary hearing to resolve the discrepancy between the written sentence and the oral pronouncement made at the sentencing hearing. We direct that the court ensure that Cunningham, his trial counsel who was present at the sentencing hearing (Bruce Kaufmann), and the original court reporter (Deborah M. Williams) are present at the new hearing.
In the motion to correct sentencing error, Cunningham raised a second issue that was not addressed by the trial court in the order denying the motion. Accordingly, on remand, the trial court shall address Cunningham’s complaint regarding the habitual offender sentence.
Reversed and remanded for further proceedings.
WHATLEY and STRINGER, JJ., Concur.