FULMER, Judge.
Todd F. Williams appeals from the revocation of his probation. He asserts that the written order of revocation does not conform to the trial court’s oral pronouncement and that the trial court found him in violation of two nonexistent conditions. We affirm the revocation but reverse and remand for correction of the written order.
Williams is correct in his assertions that the written order revoking probation does not conform to the oral pronouncement and that the oral pronouncement indicates that Williams violated nonexistent conditions. Williams was accused of violating conditions 3, 5 (twice), 9,17, and 24 (twice). The trial court indicated orally that Williams had violated conditions 3, 9, 35, and 36, but had not violated conditions 1, 17, and 24. There are no conditions 35 and 36 on the original order of supervision. The written revocation order includes all conditions that Williams was alleged to have violated including those that the trial court, in its oral pronouncement, specifically found that Williams had not violated.
The State concedes that remand is necessary but asserts that the transcript is incorrect in referring to violations of conditions 35 and 36. We reverse and remand for the trial court to resolve the discrepancy and, if necessary, to correct the record as to the actual oral pronouncement of the conditions that were violated. See Cunningham v. State, 818 So.2d 685, 686 (Fla. 2d DCA 2002); Henderson v. State, 701 So.2d 911, 912 (Fla. 4th DCA 1997). We reject Williams’ contention that the trial court should be directed to reconsider the revocation because, given the violations shown here, there is no reasonable possibility that the outcome would be different. Cf. Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995) (remanding for reconsideration where only one violation was adequately shown by the record).
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., Concur.