891 So.2d 1130 (2005)
Christopher COMTOIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1465.
District Court of Appeal of Florida, Fifth District.
January 7, 2005.
*1131 Paula C. Coffman, Orlando, for Appellant.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Christopher Comtois, who was convicted of a single count of lewd and lascivious exhibition, appeals his judgment and sentence. Although he raises a number of issues, only one, involving a discrepancy between his orally pronounced and written sentence, is meritorious.
When Mr. Comtois was being sentenced, the trial judge said at the conclusion of the hearing that the sentence imposed would consist of thirteen years, nine months in prison, less time served, followed by probation, and including certain other uncontested terms and conditions. In the written sentencing order that followed, however, the court indicated that the sentence would be fourteen years, nine months in prison, less time served, followed by probation. At a subsequent hearing Mr. Comtois asked the court to correct his sentence to that originally pronounced. The trial court declined, indicating essentially that his intent had been to sentence Mr. Comtois to the longest possible sentence, except for a short period of community based supervision, and that he simply misspoke at the sentencing hearing. While we understand the miscalculation, we conclude that the sentence as originally pronounced is the one that must be imposed.
Florida Rule of Criminal Procedure 3.700(b) requires the "pronouncement" in open court of the sentence to be imposed, and the final disposition thereafter to be entered in the minutes of the court. The "pronouncement" becomes final when the sentencing hearing ends. See Farber v. State, 409 So.2d 71, 73 (Fla. 3d DCA 1982). See also Hickman v. State, 606 So.2d 435, 437 (Fla. 2d DCA 1992). While Rule 3.800(a), Florida Rules of Criminal Procedure, authorizes a sentencing court to correct an illegal sentence, the rule does not permit the court to increase a legal and unambiguous sentence[1] after the pronouncement becomes final, even if the orally pronounced sentence was based on mistake. See Farber. Here, the sentence was neither ambiguous, nor illegal. Since we find no ambiguity or illegality in the oral pronouncement, and since it is clear that the written sentencing order was prepared well after the conclusion of the sentencing hearing, we agree with Mr. Comtois that the orally pronounced sentence must prevail.
*1132 Accordingly, as the written sentence for Mr. Comtois must conform to the oral pronouncement, we remand this case to the trial court for correction of the written sentence to reflect an incarcerative sentence of thirteen years, nine months, plus probation, and the other terms and conditions that were orally pronounced by the court at the sentencing hearing. In all other respects the judgment and sentence is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, C.J. and PETERSON, J., concur.
NOTES
[1] In some instances an ambiguous oral pronouncement of a sentence may be revisited in order to make the sentence clear. See, e.g., Jackson v. State, 615 So.2d 850 (Fla. 2d DCA 1993); Nobles v. State, 605 So.2d 996 (Fla. 2d DCA 1992).