905 So.2d 1000 (2005)
Gerald A. COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1803.
District Court of Appeal of Florida, Fifth District.
July 1, 2005.
James S. Purdy, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
*1001 Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Gerald A. Colon ("Colon") has filed an appeal of his sentences after a jury found him guilty of, Count Isexual battery with a deadly weapon or physical force[1]; Count IIassault[2]; Count IIIaggravated battery causing great bodily harm with a weapon[3]; Count IVfalse imprisonment with a weapon[4]; and Count V  battery upon a firefighter.[5] Colon's offenses were committed during a one day crime spree on one victim, except for Count V, which was committed on a firefighter at a later time, on the same day.[6] The judge sentenced him to a term of life, as a Prison Releasee Reoffender on Count I; time served on Count II, 25 years on Count III; 15 years concurrent with Count I on Count IV; and five years on Count V.
At the sentencing hearing, the court specifically said it was imposing Count IV concurrently with Count I. The court also stated that Colon's sentences were "life plus twenty-five plus five." The prosecutor asked the court whether the sentences were to run consecutive to one another, and the court replied "I did not say anything." The judge did not further clarify the sentence. The written sentences are silent as to whether they are to run concurrently or consecutively, except for Count IV, which states it is to run concurrent with the sentence in Count I.
Colon filed a motion to correct or clarify his sentences pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that if the sentences are consecutive, in this case they are illegal because the court did not specifically express its intent that the sentences were to run consecutively. The motion was denied.
Section 921.16(1)[7] provides that concurrent sentences must be imposed unless the trial court specifically states that the sentences are consecutive. See Hall v. Mayo, 83 So.2d 845 (Fla.1955); Stevenson v. State, 659 So.2d 432 (Fla. 5th DCA 1995); Macon v. State, 596 So.2d 769 (Fla. 5th DCA 1992). In this case, the trial court did not impose consecutive sentences, even after the state called its attention to the issue, by asking the court if it had done so. The response was "I did not say anything."
At the hearing on the motion to correct the sentences, the court said it had intended to impose consecutive sentences. In fact, the court believed that,
the statute said that if you don't say anything, it is consecutive. That in order *1002 for it to be concurrent, you have to specifically say it is concurrent.
However, section 921.16 provides the opposite. Sentences are concurrent unless the court states that they are consecutive.
The sentence originally pronounced is the sentence that must be imposed. Comtois v. State, 891 So.2d 1130 (Fla. 5th DCA 2005). As we explained in Comtois:

The "pronouncement" becomes final when the sentencing hearing ends. See Farber v. State, 409 So.2d 71, 73 (Fla. 3d DCA 1982). See also Hickman v. State, 606 So.2d 435, 437 (Fla. 2d DCA 1992). While Rule 3.800(a), Florida Rules of Criminal Procedure, authorizes a sentencing court to correct an illegal sentence, the rule does not permit the court to increase a legal and unambiguous sentence after the pronouncement becomes final, even if the orally pronounced sentence was based on mistake. See Farber. (emphasis added)
See also Ashley v. State, 850 So.2d 1265, 1269 (Fla.2003)(jeopardy attaches at conclusion of sentencing hearing at which sentencing is pronounced); Armstrong v. State, 896 So.2d 866 (Fla. 5th DCA 2005); Rivera v. State, 862 So.2d 55 (Fla. 2d DCA 2003).
Therefore, Counts II, IV and V are statutorily required to be concurrent. Macon. Section 921.16 is inclusive, and it places the burden on the trial judge to sentence with certainty. Hall.
We reverse and remand to the trial court to provide that the sentences shall be served concurrently.
REVERSED AND REMANDED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Section 794.011(3), a life felony.
[2] Section 784.011, a misdemeanor.
[3] Sections 775.087(1) and 784.045(1)(a)(1), a first degree felony.
[4] Sections 775.087(1) and 787.02, a second degree felony.
[5] Sections 784.07(2)(b) and 784.03, a third degree felony.
[6] The state filed that it intended to seek enhanced punishment as a prison releasee reoffender.
[7] Section 921.16(1) provides:

a defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently, unless the court directs that two or more of the sentences be served consecutively. Any sentence for sexual battery as defined in chapter 794 . . . must be imposed consecutively to any other sentence for sexual battery . . . which arose out of a separate criminal episode or transaction. (emphasis added)