SHARP, W., J.
Neal appeals from an order which denied his motion to disqualify a judge in a post-conviction proceeding. We dismiss this appeal because it is untimely, as well as moot.
Neal filed his post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850, which was denied by Judge Anthony Johnson on December 22, 2004. Based on the mailbox rule,[1] he filed a motion to disqualify Judge Johnson on January 12, 2005, and a motion for rehearing of his 3.850 motion, on January 13, 2005. Both were denied by Judge Jose Rodriguez on August 16, 2005, after Judge Johnson had been reassigned to another division.
On September 8, 2005, pursuant to the mailbox rule, Neal filed a motion for reconsideration of the order denying his motion to disqualify. On September 14, 2005, pursuant to the mailbox rule, he also filed a notice of appeal from both Judge Johnson’s order denying his 3.850 motion, and Judge Rodriguez’s denial of his motion for rehearing. The 3.850 appeal was dismissed by this court because the motion for rehearing was untimely and did not toll the time for filing an appeal. See Neal v. State, 915 So.2d 746 (Fla. 5th DCA 2005).
Judge Rodriguez denied Neal’s motion for reconsideration of his order denying disqualification of Judge Johnson, by a written order rendered on February 14, 2006. Neal is seeking to appeal that order in this appeal.
Such an order may be reviewed by prohibition or on appeal. See Kokal v. State, 901 So.2d 766 (Fla.2005), rev. denied, Kokal v. Florida, — U.S.-, 126 S.Ct. 560, 163 L.Ed.2d 471 (2005). However, it is not clear under Florida Rule of Judicial Administration 2.160, whether rehearings are authorized if a motion for disqualification is denied. Since the order is not final, it does not appear that rehearing would be appropriate. If not authorized, the motion for reconsideration would not toll the time to file an appeal, and the appeal should have been filed within thirty days after the rendition date of the order denying the motion to disqualify.
Even if a motion for reconsideration is authorized, under the facts of this case, it could be viewed as being abandoned when the notice of appeal was filed from the orders denying the 3.850 motion and motion for rehearing. The 3.850 appeal was dismissed as untimely.
Alternatively, the motion for reconsideration was untimely and thus did not toll the time for taking an appeal. The order denying the motion to disqualify was served by mail on August 16, 2005. For motions for .rehearing filed under Florida Rule of Criminal Procedure 3.850,. the motion must be filed within 15 days from service of the order denying relief. If three days are added to the fifteen-day period because service was by mail,[2] the eighteenth day fell on a Saturday and the following Monday was a holiday. Thus, Neal had until September 6, 2005 to place his motion into the hands of prison officials for mailing. The official prison stamp indicates his motion was provided to prison officials for mailing on September 8, 2005.
We also view the motion to disqualify as moot. It was directed to Judge Johnson, who did not act on it after he had been transferred to another division. Thus, it was not necessary to disqualify Judge Johnson in order to have Neal’s *61 motion for rehearing, which was directed to his 3.850 motion, considered and ruled upon by a successor judge. Judge Rodriguez actually ruled on it.
DISMISSED.
GRIFFIN and TORPY, JJ., concur.

. See Fla. R.App. P. 9.420(a)(2).

. See Fla. R.Crim. P. 3.850(g); Fla. R.Crim. P. 3.070.