969 So.2d 399 (2007)
James FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2062.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Rehearing Denied December 17, 2007.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, Claudine M. LaFrance and Diane F. Medley, Assistant Attorneys General, West Palm Beach, for appellee.
PER CURIAM.
James Franklin appeals the denial, after an evidentiary hearing, of his rule 3.850 motion for post-conviction relief. Franklin raises three points on appeal. We write to address point two.
Franklin was charged by information in case numbers 93-9323 and 93-10595 with burglary of a dwelling and petit theft. In case numbers 93-10586 and 93-10590, Franklin was charged with four counts of burglary of a dwelling. In case number 93-11618, Franklin was charged with attempted burglary of a dwelling. The state filed notices in each case that it was seeking an enhanced penalty as a habitual violent felony offender or habitual felony offender.
On January 26, 1994, Franklin pled guilty to each offense as charged. Negotiations *400 between the parties permitted the state to seek imposition of a ten-year habitual offender sentence while allowing Franklin to seek admission into the sheriff's drug farm. The sentencing court informed Franklin that if it imposed treatment instead of punishment, he would likely receive a long probation period.
Franklin was sentenced on March 25, 1994. The court orally pronounced the following:
THE COURT: I label you a habitual felony offender, pursuant to Florida law and I sentence you as a habitual felony offender.
In case 93-9323, on Count I, I sentence you to 30 years in prison. That prison term will be suspended, and you'll be placed on thirty[1] years probation, with special conditions which I will outline in a minute, because they will apply to all of these cases.
In case 93-11618, I sentence you to ten years in prison. Suspend it, and that prison term is consecutive to 93-23.
In case 93-10595, I sentence you on Counts I and II, to 30 years in prison, consecutive to the prior cases, and concurrently with each other. And that will be suspended.
And 10595, I sentence you to 30 years in prison, consecutive to all prior sentences. And that will be suspended.
And in case 93-10586, I sentence you to 30 years in prison concurrently on I and II. Consecutive to all cases.
Each of your probations will have the same special conditions, although they will not be fulfillable at the same time.
The written judgments show that Franklin received consecutive sentences of probation for thirty years each in cases 93-9323, 93-10586, 93-10590, and 93-10595, and ten years probation in case number 93-11618.
In July of 1999, Franklin admitted to two probation violations. His probation was revoked, and he was sentenced to thirty years each in cases 93-9323, 93-10586, 93-10590, and 93-10595, and to ten years in case 93-11618. All sentences were to run concurrently.
In his second point on appeal, Franklin claims that the trial court did not orally pronounce the imposition of probation in case numbers 93-10586, 93-10590, 93-10595, and 93-11618. He cites to Ashley v. State, 850 So.2d 1265 (Fla.2003), for the proposition that where there is conflict between the written sentencing documents and the oral pronouncement, the oral pronouncement prevails. Thus, he believes the state does not have the authority to revoke probation in four of his cases because probation was never imposed.
We have previously decided that although an oral pronouncement will certainly prevail where the state concedes that the written sentence was in error, where the state does not concede error, a conflict between the written order and the oral pronouncement requires a factual resolution by the trial court. Ellis v. State, 816 So.2d 759 (Fla. 4th DCA 2002); Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996); see also Coleman v. State, 898 So.2d 997 (Fla. 2d DCA 2005); Enchautegui v. State, 749 So.2d 550 (Fla. 2d DCA 2000). We have also stated, "[w]here the record demonstrates that during the oral pronouncement of sentence, the trial judge made inconsistent statements, the matter must be remanded to the trial court to clarify *401 the sentence imposed and to enter such corrected sentencing orders as may be appropriate." Tory, 686 So.2d at 691; see also Moreland v. State, 853 So.2d 574 (Fla. 4th DCA 2003) (stating that only where the oral pronouncement is ambiguous is there a need for the trial court to make a factual determination before making the correction).
In the instant matter, the sentencing judge made inconsistent and ambiguous statements during the oral sentencing pronouncement. During the oral pronouncement, the judge indicated that she was imposing several "probations," but explicitly imposed probation only in case number 93-9323. However, the written sentences show imposed probation periods in all cases. Thus, we remand with directions to resolve the conflict between the written sentencing orders and oral pronouncement in case numbers 93-10586, 93-10590, 93-10595, and 93-11618. We affirm, without discussion, the denial of the remainder of the motion for post-conviction relief.
GUNTHER, STONE and POLEN, JJ., concur.
NOTES
[1] The transcript of the sentencing hearing shows that Franklin was placed on probation for three years. However, the lower court found that the transcript was erroneous and that the sentencing court actually said it was imposing a thirty year period of probation. Competent, substantial evidence supports the lower court's findings.