WALLACE, Judge.
The trial court imposed two life sentences on James Earl Johnson. In Mr. Johnson’s written sentencing documents, the trial court designated the sentences to run consecutively. Mr. Johnson argues that the trial court should have designated the sentences to run concurrently. For the reasons that we explain below, we agree. Although we affirm Mr. Johnson’s judgments and sentences, we remand this case to the trial court for the correction of the written sentences to reflect that Mr. Johnson’s two life sentences are to run concurrently rather than consecutively.
The Oral Pronouncement at Sentencing
Mr. Johnson was charged by one information with committing two first-degree felony offenses: robbery with a firearm (Count One) and burglary of a conveyance with an assault or battery while armed with a firearm (Count Two). The date of the alleged offenses was July 5, 2004. A jury found Mr. Johnson guilty as charged of both offenses. Both the robbery offense and the burglary offense are punishable by a sentence of life imprisonment. §§ 810.02(2), 812.13(2)(a), Fla. Stat. (2004). At Mr. Johnson’s sentencing hearing, the trial court pronounced a life sentence for each offense as follows:
THE COURT: Okay. Mr. Johnson, ... [bjased on the Jury’s finding, I will adjudicate you guilty as to Counts One and Two, as to Count One, I will sentence you to life imprisonment with a minimum mandatory 10 calendar years — Count Two sentence you to life imprisonment with a minimum mandatory of 10 years — calendar years in State Prison.
*1193 (Emphasis added.) The trial court continued by addressing court costs and the payment of restitution. The trial court also advised Mr. Johnson of his right to appeal. The trial court did not say anything further about Mr. Johnson’s sentences before the sentencing hearing concluded. Thus the trial court’s oral pronouncement of Mr. Johnson’s sentences did not include a direction that the sentences were to be served consecutively.
Although the trial court’s oral pronouncement of sentence was silent on the issue of consecutive or concurrent life terms, all of the documents associated with the sentencing hearing indicate that Mr. Johnson was sentenced to two consecutive life terms. The Criminal Punishment Code Scoresheet reflects that the total sentence imposed on Mr. Johnson was “Life (each ct consecutive).” The Memo of Sentence/Order of the Court prepared by the deputy clerk states: “Ct 2 consec to Ct 1.” Finally, the judgment and sentence imposed on Count Two states that it “shall run ... consecutive to” the sentence imposed on Count One.
Mr. Johnson’s 3.800(b)(2) Motion to Correct Sentencing Error
While this appeal was pending, Mr. Johnson filed a motion to correct sentencing error in accordance with rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. He argued that his consecutive sentences did not comply with the oral pronouncement and that under section 921.16(1), Florida Statutes (2004), his sentences should have been designated to run concurrently. Because the trial court did not enter a signed, written order disposing of the motion within sixty days, the motion is considered denied under rule 3.800(b)(2).
Discussion
Section 921.16(1) provides, in pertinent part:
A defendant convicted of two or more offenses charged in the same ... information ... shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.
(Emphasis added.) Here, Mr. Johnson was convicted of two offenses charged in the same information, and the trial court did not direct that the sentences were to run consecutively. Therefore, in accordance with the statute, the sentences were to run concurrently. Although the trial court may have intended that Mr. Johnson’s sentences should run consecutively, such an intention became irrelevant once the sentencing hearing was concluded. Comtois v. State, 891 So.2d 1130, 1131 (Fla. 5th DCA 2005) (“The ‘pronouncement’ becomes final when the sentencing hearing ends.” (citing Farber v. State, 409 So.2d 71, 73 (Fla. 3d DCA 1982))). Section 921.16 places the burden on the trial court “to sentence with certainty” in the oral pronouncement. Colon v. State, 905 So.2d 1000, 1002 (Fla. 5th DCA 2005); see also Ashley v. State, 850 So.2d 1265, 1268 (Fla. 2003) (“[A] court’s oral pronouncement of sentence controls over the written document.”).
The oral pronouncement of Mr. Johnson’s sentences was neither ambiguous nor unclear. Because the trial court did not direct otherwise, section 921.16(1) requires that Mr. Johnson’s life sentences are to be served concurrently rather than consecutively. See Campbell v. State, 884 So.2d 190 (Fla. 2d DCA 2004). The State does not argue to the contrary, and we commend the State for its candor.
Conclusion
For these reasons, we affirm Mr. Johnson’s judgments and each separate life sentence. We remand this case to the trial court with directions to correct Mr. Johnson’s written sentences to conform to *1194 the oral pronouncement so that they run concurrently rather than consecutively. Mr. Johnson need not be present for this sentencing correction.
Affirmed; remanded with directions.
FULMER and CASANUEVA, JJ., Concur.