990 So.2d 595 (2008)
Carlton BANNISTER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-1918.
District Court of Appeal of Florida, Third District.
August 13, 2008.
Carlton Bannister, in proper person.
Bill McCollum, Attorney General, and Lunar Claire Alvey, Assistant Attorney General, for appellee.
*596 Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
Carlton Bannister ("Bannister") petitions this Court for habeas corpus relief seeking a belated appeal of an order entered on his July 17, 2002, motion to correct sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(b), which was entered by the trial court on August 8, 2002. We deny Bannister's petition based upon the following.
On July 9, 2002, Bannister was convicted of first-degree murder (Count I), attempted first-degree murder (Count II), and two counts of kidnapping (Counts III and IV). He received life sentences for Counts I and II, and thirty-year sentences for Counts III and IV. All sentences were ordered to run concurrent.
On July 17, 2002, prior to filing a direct appeal, Bannister filed a motion to correct sentence regarding the attempted first-degree murder conviction charged in Count II. Bannister claimed that the life sentence imposed was illegal as it exceeded the statutory maximum sentence of thirty years. The trial court agreed, and on August 8, 2002, it vacated the life sentence imposed in Count II, sentenced Bannister to thirty years for Count II, and corrected the judgment and sentence accordingly. In this petition, Bannister seeks a belated appeal of this order correcting his sentence.
Subsequent to the trial court's ruling granting Bannister's motion to correct the sentence in Count II, on August 14, 2002, Bannister filed a direct appeal. On September 29, 2004, this Court affirmed the judgment of conviction and sentences, Bannister v. State, 880 So.2d 1292 (Fla. 3d DCA 2004), and this Court issued its mandate on September 24, 2004. In seeking this belated appeal, Bannister claims that appellate counsel provided ineffective assistance of counsel by failing to raise the legality of the sentence imposed for Count II. Because Bannister had previously obtained the relief sought in his rule 3.800(b) motion, appellate counsel obviously did not provide ineffective assistance of counsel by failing to raise the issue on direct appeal. See Carter v. State, 791 So.2d 525, 527 (Fla. 1st DCA 2001) ("If the trial court corrects the sentence in response to a rule 3.800(b) motion, the sentencing issue will never ripen into an appellate argument.").
Bannister also attempts to raise a claim regarding the legality of his sentence which he did not raise with the trial court, namely that his sentence is illegal because his co-defendant was sentenced to a lesser sentence of twenty-five years. Because Bannister failed to raise this claim with the trial court, we will not address it on appeal. Bannister is, however, free to file a legally sufficient rule 3.800(a) motion asserting this claim in the circuit court. See Brannon v. State, 850 So.2d 452, 458 (Fla. 2003). We express no opinion on the merits of such a motion.
Petition denied.