EVANDER, J.
 

 Chapman appeals the denial of his motion to correct an illegal sentence. The written judgment reflects that Chapman was sentenced to 30.375 months in prison followed by five years probation. He contends that the probationary part of his sentence was illegal because it was not specifically pronounced during his sentencing hearing. We affirm. The trial court’s original oral pronouncement was ambiguous and that ambiguity was subsequently clarified at the time the trial court denied Chapman’s motion.
 

 Chapman was initially charged with traf
 
 *274
 
 ficking in methamphetamine
 
 [1]
 
 and possession of a firearm by a convicted felon.
 
 [2]
 
 The State agreed to
 
 nolle prosequi
 
 the drug offense if Chapman pled to the firearm charge. Pursuant to the plea offer, Chapman would be sentenced to 30.5 months in prison. (The new scoresheet provided for a minimum guideline sentence on the firearm charge of 30.375 months.) Upon reviewing Chapman’s lengthy criminal record, the trial court refused to accept the plea agreement. After some discussion, the trial court gave Chapman three options: (1) he could agree to a 30.375 month prison sentence followed by five years probation; (2) he could agree to a five year prison sentence with no probation to follow; or (3) he could maintain his not guilty plea and proceed to trial on both charges. Chapman chose the first option.
 

 The trial court then conducted a plea colloquy, during which Chapman was advised,
 
 inter alia,
 
 that if he violated his probation he “fac[ed] up to 15 years, less any credit time served.” After accepting the plea, the trial court adjudicated Chapman guilty on the firearm charge and orally pronounced that he was to serve 30.375 months in the Department of Corrections. The trial court also imposed fines, costs, and attorney’s fees and permitted Chapman to pay these monies during the period of his probation. In apparent response to an earlier statement made by Chapman that he intended to move out of Florida, the trial judge advised the defendant that he could seek to transfer his probation by “making application.” However, the trial judge failed to specifically state that Chapman was to be placed on five years probation after completion of the incarcerative portion of his sentence. The State then announced a
 
 nolle prosequi
 
 on the drug offense and the sentencing hearing was concluded.
 

 Chapman subsequently filed his motion to correct illegal sentence, contending that the written judgment was in conflict with the trial court’s oral pronouncement. He requested that the trial court strike the probationary portion of his sentence. The trial court denied Chapman’s motion, aptly observing that “it was the court’s intention, and the State and defendant’s understanding, that the sentence in the instant case included five years of probation.”
 

 Chapman contends that
 
 Ashley v. State,
 
 850 So.2d 1265 (Fla.2003);
 
 Shepard v. State,
 
 940 So.2d 545 (Fla. 5th DCA 2006); and
 
 Comtois v. State,
 
 891 So.2d 1130 (Fla. 5th DCA 2005) require reversal in this case. We disagree. Those cases stand for the proposition that when a trial court orally pronounces a legal and
 
 tmambiguous
 
 sentence, and the sentencing hearing has been concluded, double jeopardy principles preclude the sentence from being increased. The instant case is distinguishable because the trial court’s oral pronouncement was ambiguous.
 

 The trial judge twice referenced Chapman’s probationary obligations. Where there is an ambiguity in the oral pronouncement, the proper remedy is for the trial court to clarify the sentence imposed.
 
 Franklin v. State,
 
 969 So.2d 399 (Fla. 4th DCA 2007) (where record demonstrates that during oral pronouncement of sentence, trial court made inconsistent statements, matter must be remanded to clarify sentence imposed and enter such corrected sentencing orders as may be appropriate);
 
 see also Coleman v. State,
 
 898 So.2d 997 (Fla. 2d DCA 2005). Here, in its written order denying Chapman’s motion to cor
 
 *275
 
 rect illegal sentence, the trial court clarified the sentence imposed.
 

 AFFIRMED.
 

 MONACO, C.J. and COHEN, JJ., concur.
 

 [1]
 

 . §§ 893.135(l)(f) and 893.03(2)(c)(2), Fla. Slat. (2008).
 

 [2]
 

 . § 790.23(1) and (2), Fla. Stat. (2008).