MONACO, C.J.
There was a negotiated plea agreement. There was a scoresheet. There was an oral pronouncement. There was a written judgment and sentence. There was confusion. We remand for clarification.
The appellant, Vincent Duncan, entered into a negotiated plea agreement in which he agreed to plead guilty to the crime of delivery of cocaine, a second degree felony, in exchange for a 27 month prison sentence. The appellant’s score sheet reflected that 26.25 months was the lowest permissible sentence available without a downward departure. The trial court accepted the plea agreement, but when it pronounced the appellant’s sentence the trial judge stated, according to the transcript, “I’m going to sentence you to twelve months in the department of corrections with credit for 148 days time served.” Although there was no objection from the State, and although no one commented on the obvious discrepancy between the apparent pronouncement and the plea agreement, the court minutes indicate that the trial court imposed a sentence of 27 months in state prison, with credit for time served. When rendered, the written judgment and sentence also indicated that the sentence imposed was 27 months in prison, with credit for 148 days time served.
Mr. Duncan argues on appeal that the oral pronouncement controls, and that as a result, the written sentence must be amended to reflect the sentence of 12 months pronounced at the plea and sentencing hearing. The State counters that the trial court must have made a mistake *1199 in its oral pronouncement, because the court was fully aware of the agreed upon sentence. It acknowledges that a trial court is not bound by a plea agreement, but states that if a trial court imposes a sentence lower than the negotiated plea, the State may withdraw the plea and proceed on the original charges. We conclude that clarification is necessary.
The Florida Supreme Court has held that a court’s oral pronouncement of a sentence controls over the written sentencing document. Williams v. State, 957 So.2d 600, 603 (Fla.2007) (citing Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003); Justice v. State, 674 So.2d 123, 126 (Fla.1996)). The “pronouncement” becomes final when the sentencing hearing ends. Comtois v. State, 891 So.2d 1130 (Fla. 5th DCA 2005). Even if the pronounced sentence is a mistake, a trial court cannot increase a legal and unambiguous sentence after the pronouncement becomes final. Id. A sentencing court may, however, clarify an ambiguous sentence, and we believe that is the circumstance here. Chapman v. State, 14 So.3d 273, 274 (Fla. 5th DCA 2009); Franklin v. State, 969 So.2d 399 (Fla. 4th DCA 2007), review denied, 983 So.2d 1154 (Fla.2008).
We suspect either that the transcript is incorrect or that the court simply misspoke in announcing the sentence. We note that defense counsel expressly stated at the plea hearing that the appellant was agreeing to the State’s offer of 27 months in prison, and the trial court asked the appellant if he read the plea form before he signed it. There is, therefore, a distinct possibility that the transcription from the digital recording might have been inaccurate.
We conclude that the best disposition of this case is, first, to remand to allow the trial court to clarify the sentence imposed. If the trial court finds after appropriate investigation that the transcript of the digital recording of the proceedings was incorrect, then a correction to the transcript should be created. If the transcription was accurate, then the sentence as orally pronounced must under Williams stand, and the written judgment and sentence must be corrected to conform to the oral pronouncement.
REVERSED and REMANDED for clarification.
SAWAYA and ORFINGER, JJ., concur.