PER CURIAM.
Reginald Wright appeals the summary denial of his 3.850 motion for post conviction relief in which he raised various *1216 grounds for relief, one of which included a claim that the trial court’s sentence of twenty-eight years constituted a breach of his plea agreement and did not conform with the court’s oral pronouncement. We reverse and remand because the trial court did not attach the proper record to refute Wright’s claims.
Wright’s claims are cognizable in a motion to correct illegal sentence filed pursuant to rule 3.800(a), Florida Rule of Criminal Procedure. See Byers v. State, 916 So.2d 923 (Fla. 1st DCA 2005). A trial court cannot summarily deny a rule 3.800(a) motion without attaching the portion of the record that refutes the claims raised in the motion. See Fla. R.App. P. 9.141(b)(2)(D). Furthermore, any discrepancy between the oral pronouncement and the written sentence requires the written sentence to be corrected to conform to the court’s oral pronouncement. See Williams v. State, 957 So.2d 600 (Fla.2007).
The trial court denied Wright’s motion for his failure to substantiate his claims. The court, however, did not attach record support to its order showing that Wright is not entitled to the relief he requested.
Therefore, we reverse the summary denial of Wright’s motion and remand to the trial court to either attach the proper record to refute Wright’s claims or to grant him the relief he requests. On remand, the trial court should also consider whether Wright has, as the court noted in its order, completed his sentence.
Reversed and remanded with instructions.