LOGUE, J.
On direct appeal, Ashahleh Sanders-Ba-shui raises challenges to the legality of her sentence. We affirm without prejudice to Sanders-Bashui filing an appropriate post-conviction motion in the trial court that addresses these challenges.
In 2007, Sanders-Bashui was convicted of armed robbery and sentenced as a youthful offender to 364 days in jail, followed by five years of probation. One of the conditions of her probation was the successful completion of a residential treatment program. She violated this condition in 2011. Following an evidentiary hearing, the trial court revoked her probation and sentenced her to sixty-six months in prison, followed by one year of probation and two years of community control.[1]
In one challenge to her sentence, Sanders-Bashui argues that the trial court erred in sentencing her to a term exceeding six years because her failure to complete the treatment program was a technical violation of probation. The governing statute provides that
no youthful offender shall be committed to the custody of the department for ... a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Fla. Stat. (2011). It is clear that the trial court’s revocation in this case was based upon a technical violation. See State v. Meeks, 789 So.2d 982, 989 (Fla.2001) (“[W]e conclude that a ‘substantive violation,’ as the phrase is used in section 958.14, refers exclusively to a violation premised on the commission of a separate criminal act.”).
The State concedes that Sanders-Bashui raises a meritorious claim in this regard. The State contends, however, that this court should not address Sanders-Bashui’s claim on direct appeal because she did not challenge the legality of her sentence in the trial court. Under Supreme Court precedent, and as provided by the governing rules, the State notes that Sanders-Bashui should have preserved the issue by objection or by a motion to correct an illegal sentence prior to filing her initial brief. Because she failed to do so, the State argues that this court should affirm without prejudice to her filing a legally sufficient Florida Rule of Criminal Procedure 3.800(a) motion in the trial court. Brannon v. State, 850 So.2d 452, 458 (Fla.2003); Bannister v. State, 990 So.2d 595, 596 (Fla. 3d DCA 2008); Santiago v. State, 870 So.2d 198, 200 (Fla. 3d DCA 2004); but see Lightsey v. State, 112 So.3d 616, 618 (Fla. 3d DCA 2013). We agree with the State.
Affirmed.

. In 2010, the State filed an affidavit of probation violation alleging that Sanders-Bashui had been arrested for various crimes. The trial court’s finding of a probation violation in this case, however, was based solely on Sanders-Bashui's failure to complete the residential treatment program.