WELLS, Judge.
Affirmed without prejudice to the filing of a Florida Rule of Criminal Procedure 8.800(a) motion to correct the sentence imposed to accurately reflect the trial court’s oral pronouncement. See Scott v. State, 109 So.3d 866, 866 (Fla. 3d DCA 2018) (“The oral pronouncement of sentence prevails over a subsequent and conflicting written sentencing order.”); Wright v. State, 98 So.3d 1215, 1216 (Fla. 3d DCA 2012) (“[A]ny discrepancy between the oral pronouncement and the written sentence requires the written sentence to be corrected to conform to the court’s oral pronouncement.”); see also Jackson v. State, 983 So.2d 562, 569, 572 (Fla.2008) (recognizing that claims that a defendant’s written order deviated from the oral pronouncement is subject to rule 3.800(b), whereby the failure to either object during the sentencing hearing or by rule 3.800(b) motion forecloses the issue from being raised on direct appeal); Brannon v. State, 850 So.2d 452, 456 (Fla.2003) (“[W]e hold that for defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal.”); Sanders-Bashui v. State, 124 So.3d 1041, 1042 (Fla. 3d DCA 2013) (same).