# Third District Court of Appeal

## State of Florida

Opinion filed July 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1902
Lower Tribunal Nos. 01-14494, 01-19356, 01-19357

_____

**Dale Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

LAGOA, J.

Dale Brown ("Brown") appeals from an order revoking his probation and sentencing him to three years in state prison followed by fifteen years of probation. Because Brown failed to raise his claim of sentencing error below, we affirm without prejudice to Brown filing an appropriate motion under Florida Rule of Criminal Procedure 3.800(a).

I.      FACTUAL AND PROCEDURAL HISTORY

In 2002, Brown pled guilty in case numbers F01-14494, F01-19356, and F01-19357 to numerous counts of lewd or lascivious molestation against a victim under the age of twelve and lewd or lascivious conduct with a victim under the age of sixteen. Brown was sentenced to three years in prison followed by fifteen years of probation.

In 2015, the State filed an affidavit of violation of probation claiming that Brown had been arrested for solicitation to commit lewd or lascivious conduct and thereby violated a term of his probation. The trial court subsequently conducted a probation violation hearing and found that Brown violated his probation. Of significance to this appeal, the trial court at the sentencing hearing orally pronounced the following two different sentences:

> I think a fair sentence would be three years in Florida
> [s]tate prison for the defendant followed by fifteen years
> of probation . . . . I think that would be a fair sentence
> right now . . . .
>
> . . . .

> So that is my sentence, 3 years Florida [s]tate prison, credit for time served, followed by 10 years of probation.

The written order revoking Brown's probation and imposing sentence reflects that the trial court sentenced Brown in accordance with the first of its two oral pronouncements—three years in state prison followed by fifteen years of probation. Brown appeals from the final order revoking his probation and imposing sentence.

II.   ANALYSIS

On appeal, Brown argues that because the trial court's oral pronouncement of two different sentences is ambiguous and internally inconsistent, this Court should either impose the lower sentence or remand for the trial court to clarify the sentence.

It is well established that "a court's oral pronouncement of sentence controls over the written document." Ashley v. State, 850 So. 2d 1265, 1268 (Fla. 2003); accord Williams v. State, 957 So. 2d 600, 603 (Fla. 2007). For that reason, "[w]here there is an ambiguity in the oral pronouncement, the proper remedy is for the trial court to clarify the sentence imposed." Chapman v. State, 14 So. 3d 273, 274 (Fla. 5th DCA 2009); see also Franklin v. State, 969 So. 2d 399, 401 (Fla. 4th DCA 2007) (remanding trial court's denial of post-conviction motion with

directions to resolve conflict between written sentence and ambiguous, inconsistent oral pronouncements made at sentencing).

The State concedes that the trial court orally pronounced two different sentences, one of which conflicts with the written sentenced imposed, and that clarification is required. The State asserts, however, that Brown's failure to raise the error below precludes this Court from considering the issue on direct appeal, and that the only remedy available to Brown is through a rule 3.800(a) motion. We agree. "A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)." Fla. R. App. P. 9.140(e).

A written sentencing order that deviates from the oral pronouncement of sentence constitutes a "sentencing error" subject to rule 3.800(b). See Jackson v. State, 983 So. 2d 562, 572 (Fla. 2008) (recognizing a written order which deviates from the oral pronouncement as a "sentencing error" subject to rule 3.800(b)). Here, it is undisputed that Brown did not raise a contemporaneous objection before the trial court at the time of sentencing. Additionally, Brown did not file a timely rule 3.800(b) motion in the trial court raising the inconsistency in the trial court's oral pronouncement and the written sentence.[1] Because Brown did not challenge his sentence in the trial court, this Court cannot address his claim on direct appeal.

We find, however, that Brown may seek relief in the trial court by filing a legally sufficient motion pursuant to rule 3.800(a).  See Williams, 957 So. 2d at 601 ("[A] claim asserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence."); Lluis v. State, 187 So. 3d 918 (Fla. 3d DCA 2016) (affirming defendant's conviction and sentence without prejudice to the filing of a rule 3.800(a) motion where written sentence did not conform to oral pronouncements and stating that "the trial court must correct the written sentences pursuant to a Rule 3.800(a) motion"); Robertson v. State, 134 So. 3d 548, 549 (Fla. 3d DCA 2014) ("Affirmed without prejudice to the filing of a Florida Rule of Criminal Procedure 3.800(a) motion to correct the sentence imposed to accurately reflect the trial court's oral pronouncement."); Sanders-Bashui v. State, 124 So. 3d 1041, 1042 (Fla. 3d DCA 2013) (affirming defendant's sentence on direct appeal without prejudice to her filing a rule 3.800(a) motion in the trial court where State conceded claim was meritorious but defendant did not challenge sentence in trial court).

As the State concedes that the written order does not conform to the trial court's oral pronouncements, we affirm the trial court's order revoking probation

---

[1] Rule 3.800(b) permits the filing of a motion to correct "any sentencing error" during the time provided for the filing of a notice of appeal, or, if an appeal is pending, before the first brief is filed.

5

and the resulting sentence without prejudice to Brown filing in the trial court a legally sufficient motion under Florida Rule of Criminal Procedure 3.800(a).

Affirmed without prejudice.