# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2374
Lower Tribunal No. 12-30062
_____

**Thaddeus Chaylon Martin,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Victoria R. Brennan and Nushin Sayfie, Judges.

Gyden Law Group and Henry G. Gyden (Tampa), for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Thaddeus Chaylon Martin appeals four orders of the trial court: 1) an order denying a motion to disqualify the original trial judge; 2) an order denying a motion for reconsideration of a prior ruling of the original trial judge; 3) an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850; and 4) an order denying a motion for rehearing of the order denying the motion for postconviction relief.

As to the order denying Martin's motion to disqualify, we find no error. Before Martin even filed his motion to disqualify, the original trial judge (who was the subject of the motion to disqualify) was already reassigned to the juvenile division, and therefore was no longer presiding over Martin's case. The newly-assigned judge correctly denied Martin's motion both on its merits and in light of the reassignment of the original trial judge. See Neal v. State, 929 So. 2d 59 (Fla. 5th DCA 2006) (holding that motion to disqualify postconviction judge from ruling on defendant's motion for rehearing of his motion for postconviction relief was rendered moot by that judge's reassignment to another division).

We also find no error in the order denying Martin's motion for reconsideration of the prior ruling of the original trial judge, given that the motion to disqualify was denied on its merits. See Fla. R. Jud. Admin. 2.330(h) (providing that prior rulings "by a disqualified judge may be reconsidered by a

2

successor judge upon a timely-filed motion for reconsideration") (emphasis added).[1]

As to Martin's final claims, we affirm the trial court's order denying his motion for postconviction relief (rendered by the original trial judge) and order denying rehearing (rendered by a second trial judge), which motions were premised on a claim of ineffective assistance of trial counsel. Martin claims that, at his first probation violation hearing in 2013, his counsel provided ineffective assistance by failing to advise Martin that he had not been lawfully placed on probation on Count Two during his original plea and sentence in 2013. Martin asserts that, had he been so advised, he would not have admitted to the subsequent violation of probation in 2014, and instead would have insisted on proceeding to a probation violation hearing, where it would have been established he was in fact not on probation for Count Two (and therefore could not have "violated" his probation).

---

[1] Although not raised by Martin, we have considered the applicability of our previous decision in <u>Barber v. Mackenzie</u>, 562 So. 2d 755 (Fla. 3d DCA 1990), and find it distinguishable. In <u>Barber</u>, petitioner filed a motion to disqualify the trial judge. After the motion was filed, the trial judge was transferred to another division, and the successor judge denied the motion to disqualify. On a petition for writ of prohibition, we held that the motion to disqualify was not rendered moot by the reassignment of the trial judge because, had the motion been granted (and in <u>Barber</u> we determined that it <u>should</u> have been granted), the successor judge could have reconsidered the original judge's previous orders pursuant to rule 2.330(h). In the instant case, and upon our *de novo* review, we determine that the motion to disqualify was properly denied.

This claim fails because its premise (i.e., that he was never placed on probation on Count Two) is simply incorrect. The record—including the signed written plea agreement, the probation order, and the oral pronouncement as set forth in the transcript of the plea and sentencing hearing—establishes that Martin pleaded guilty to a two-count information, pursuant to which he would be placed on a concurrent, one-year term of probation as to each count of the information.[2] To the extent that the judgment and sentence for Count Two omitted the one-year probationary term, or otherwise conflicted with the oral pronouncement of the trial court at the original sentencing, such an error is subject to correction by the trial court, as the oral pronouncement controls. See Ashley v. State, 850 So. 2d 1265 (Fla. 2003) (oral pronouncement controls over written document). Where a conflict

_____

[2] The 2013 written plea agreement provided that, in exchange for Martin's plea of guilty to Count Two (charging aggravated battery with great bodily harm), the trial court would adjudicate Martin guilty and that "the defendant shall be placed on reporting probation, concurrent with Count 1, and have the following special conditions. . . ." Martin expressly acknowledged in the written plea agreement that he entered the plea freely and voluntarily, after having consulted with his attorney, and that Martin understood that "failure to comply with any terms or conditions within this agreement constitutes a violation of probation and subjects me to be sentenced to the statutory maximum penalties provided by law for the crimes for which I am now pleading guilty."

Additionally, the trial court entered a probation order, also signed by Martin, which reflected that a probationary sentence was imposed on both counts of the information, and that order expressly incorporated the written plea agreement. Finally, the transcript of the plea colloquy establishes that the trial court orally pronounced that Martin was to be placed on probation for Counts One and Two for a concurrent period of one year, and Martin acknowledged this under oath.

4

exists between the written sentence and the oral pronouncement, the proper remedy is for the trial court to clarify or correct the sentence, consistent with the oral pronouncement. Chapman v. State, 14 So. 3d 273 (Fla. 5th DCA 2009). Such a correction is cognizable as a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a)(1), which provides that "[a] court may at any time correct an illegal sentence imposed by it . . . ." See also Williams v. State, 957 So. 2d 600 (Fla. 2007).

In the instant case, the trial court properly entered an order correcting the 2013 sentence to ensure that the written judgment and sentence conformed to the oral pronouncement, which included a probationary term for Count Two. Martin's counsel "cannot be deemed ineffective for failing to raise a meritless claim." Peede v. State, 955 So. 2d 480, 502-03 (Fla. 2007). Had Martin's counsel raised this issue prior to or at the time of the probation violation hearing, the proper remedy would have been for the trial court to enter a corrected judgment and sentence nunc pro tunc, properly reflecting the agreed-upon and orally pronounced sentence. Therefore, any inconsistency between the oral pronouncement and the written judgment and sentence (or the trial court's correction of same) could not have affected the outcome of the proceeding because there is no reasonable probability that, but for this error or omission, Martin would not have entered a plea to the violation of probation and instead would have insisted on proceeding to

5

a violation of probation hearing. See Grosvenor v. State, 874 So. 2d 1176, 1181 (Fla. 2004) (establishing two-pronged test for assessing claims of ineffective assistance of counsel relating to guilty pleas: the first prong is identical to the deficient performance prong in Strickland v. Washington, 466 U.S. 668 (1984); the second prong requires that the defendant demonstrate "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial").

Affirmed.